**ABEL J. WYMAN v. JOHN W. BARRETT and LELAND HYZER, as Executor of the Estate of John Barrett, deceased.**

16 So. (2nd) 112                                June Term, 1943
December 23, 1943                                    En Banc
Rehearing Denied January 21, 1944

*L. Raymond O'Steen,* for appellant.
*Hyzer & Padgett, T. H. Teasley,* for appellees.

BUFORD, C. J.:

This cause is before us on a second appeal. See In Re Barrett Estate, Barrett and Hyzer v. Wyman, 147 Fla. 198, 3 So. (2nd) 734.

On first appeal we reviewed the judgment of the Circuit Court and affirmed the same. Thereby we affirmed the judgment of the County Judge and made it the judgment of the Supreme Court.

When the mandate went down it contained the pro forma order applicable in such cases, viz:

*You are hereby commanded,* That such further proceedings be had in said cause as according to right, justice, the judgment of said Supreme Court, and the laws of the State of Florida, ought to be had, the said order of the Circuit Court notwithstanding."

On November 15, 1941, the executors, acting in pursuance of the aforesaid directive of the Supreme Court, filed in the circuit court a petition for an order on the mandate of the Supreme Court, praying that the circuit court direct the county judge to hear the merits of the alleged claim of Wyman, or for an order directing the county judge to enter an order, requiring Wyman to bring suit on his alleged claim

in a court of competent jurisdiction, or to enter an order directing such further and other action as the court may deem proper. Pursuant to said petition, the circuit court on December 23, 1941, entered an order wherein it was ordered and directed as follows:

"It Is Further Ordered and Adjudged that said County Judge's Court be and it is hereby commanded that such further proceedings be had in said cause as according to right, justice, the judgment of the Supreme Court, and the laws of the State of Florida, ought to be had, the said Order of the Circuit Court rendered November 5, 1940, notwithstanding."

Thereafter, pursuant to the order of the circuit court of December 23, 1941, the executors filed in the county judge's court a petition for an order on the mandate of the Supreme Court.

Thereafter, at the suggestion and request of the county judge, and stipulation of the executors and Abel J. Wyman, a joint petition was filed in the Supreme Court of Florida, praying for leave to file in the Supreme Court of Florida a petition to recall and clarify the mandate of the Supreme Court of September 18, 1941. This latter petition was denied by the Supreme Court under date of February 9, 1942. (See prior appeal cited supra). Thereupon, on March 6, 1942, the executors renewed their petition then pending before the county judge for an order on the mandate of the Supreme Court as directed by the order of the circuit court.

On a hearing of the petition to the county judge for an order on the mandate of the Supreme Court pursuant to the order of the circuit court, as aforesaid, the county judge entered an order on April 1, 1942, vacating the prior order of October 1, 1940, which directed the executors to forthwith pay the alleged claim of Abel J. Wyman, and by the order of April 2, 1942, the county judge assumed jurisdiction of the said cause for a hearing on the merits of said claim.

At a trial of the merits of the claim before the court, the appellant opened the trial by presenting his witnesses and otherwise fully participated in the trial without objection as the record shows twenty-two days after the day of the

trial, the county judge entered a judgment on July 13, 1942, finding in favor of the appellant for a sum less than the amount claimed by him.

Thereafter, on August 11, 1942, the executors filed their notice of appeal to the circuit court from the judgment of the county judge dated July 13, 1942, and a supersedeas bond in the amount of $250.00 was set and produced by the appellees.

On November 4, 1942, the appeal was orally argued before three of the judges of the circuit court, sitting as an appellate court, and on January 6, 1943, a judgment or decree was entered by the circuit court reversing the judgment of the county judge's court dated July 13, 1942, wherein the circuit court made a finding of fact to the effect that the alleged claim of the appellant, if any, had been paid prior to the death of John Barrett.

It is from this order of the circuit court, sitting as an appellate court, as aforesaid, that this appeal is taken

When our judgment was entered April 1, 1941, supra, the county judge was thereafter without power or jurisdiction to open, change or modify the judgment theretofore entered and reviewed and affirmed by the circuit court.

The county judge's powers and jurisdiction remained only to enforce the judgment.

It, therefore, follows that the judgment of the circuit court here under review must be reversed with directions that the judgment of the county judge be reversed and that the order of the county judge vacating the original judgment be vacated and set aside and that the original judgment be reinstated in full force and effect.

So ordered.

BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

TERRELL, J., dissents.