**DORA EISENBURG, joined by her husband, JULIUS EISENBURG, v. HARRY A. CORNBLUM.**

24 So. (2nd) 236                                    June Term, 1945
December 18, 1945                              Special Division A

*Hoffman & Durant,* for petitioners.

*McKay, Dixon & DeJarnette,* and *Keen & O'Kelley* for respondent.

PER CURIAM:

The Circuit Court of Dade County, on January 10, 1945, entered a final decree in the case at bar, subject to an accounting between the parties to be had at a subsequent date. An appeal therefrom to this Court was perfected and, upon con-

sideration thereof, the decree appealed from was by an appropriate order and judgment of this Court duly affirmed. The cause was returned to the Circuit Court of Dade County, and when the parties were before the Court the following motion and order were made and entered:

"Comes now the plaintiff, by his undersigned attorneys, and shows unto the Court that the final decree referred this cause to the special master for the purpose of making an accounting and that it is necessary in making such accounting to determine the amount of damages, if any, which the plaintiff has sustained by reason of the wrongful detention of the hotel premises by the defendants and plaintiff, therefore, respectfully prays that the final decree be amended by adding thereto the language:

" 'and the master is instructed, in connection with the accounting between the parties, to ascertain the damages, if any, which the plaintiff has suffered by reason of the wrongful detention of the hotel premises.'

"The above cause coming on before me to be heard upon the plaintiff's motion to amend the final decree heretofore filed herein, and after hearing argument of counsel and the court being fully advised in the premises, it is considered ORDERED, ADJUDGED AND DECREED by the court that said motion be and the same is hereby granted and the decree is hereby amended as prayed."

On petitions here for interlocutory certiorari under Rule 34, it is contended that the amendment of the final decree was erroneous for various reasons. It is indisputable that on the appeal here the final decree made and entered in the lower court became the judgment of this Court and therefore the court below was without authority to enter the challenged order without first having obtained the permission of this court to so change, alter, or modify its judgment. See Baskin v. Klemm, 118 Fla. 657, 160 So. 509; State ex rel. Budd v. Williams, 152 Fla. 189, 11 So. (2nd) 341; Wyman v. Barrett, 153 Fla. 860, 16 So. (2nd) 112.

The petition for certiorari is granted and the challenged order is quashed.

CHAPMAN, C.J., TERRELL, BUFORD and SEBRING, JJ., concur.