**DORA EISENBURG, joined by her husband JULIUS EISENBURG v. HARRY A. CORNBLUM.**

26 So. (2nd) 49 January Term 1946
April 30, 1946 En Banc
Rehearing denied May 31, 1946

*Hoffman & Durant* and *E. Max Goldstein,* for petitioners.

*McKay, Dixon & DeJarnette* and *Keen & O'Kelley,* for respondent.

PER CURIAM:

On petition for certiorari under Rule 34 we review an order made subsequent to the final decree. In the final decree it was found, inter alia, "that the plaintiff has made a tender to the defendants according to law under the terms of the option and is entitled to require of the defendants that a conveyance be made to the plaintiff pursuant thereto." This decree was entered on the 10th day of January, 1945. On June 10th 1945 that decree on appeal was affirmed by this Court. That decree determined the rights of the parties but left to be determined by a future decree the amount which should be paid by the plaintiff to the defendant. Prior to entry of this appeal the court had entered an order upon the application of plaintiff appointing a Receiver and the Receiver had qualified.

After the mandate of affirmance went down the plaintiff filed in the court below a motion to amend the final decree so as to permit the master to ascertain damages due to Cornblum by reason of Eisenburg's alleged wrongful detention of the property. This was objected to by the defendant but the lower court entered an order on November 26th, 1945, amending the final decree as requested by Cornblum.

On petition of Eisenburg this court granted certiorari to that order and quashed the order amending final decree.

Thereafter, further testimony was taken on the accounting feature of the case. When this testimony was in, it was found by the evidence and so determined by the court that

Cornblum had not before the institution of the suit paid or tendered to the defendants the purchase price of the property as fixed by the formula contained in the option. He had only offered to pay, at most, $77,500.00, whereas the amount he was required to pay under the option formula was at least $78,150.00. So it is that at the time the receiver was appointed it was Cornblum's erroneous contention that he was entitled to the possession of the property and that the defendants continued wrongfully in possession of same and it was in recognition of the verity of that contention that the Receiver was appointed.

It follows that the appointment of the receiver was improvidently made at the instance of the plaintiff.

In the decree which we now review the cost of the Receivership is charged to Eisenburg. This is unjust and inequitable because the receiver was appointed over the objection of the Eisenburgs and as a result of a misconception of the rights Cornblum based on his erroneous representations.

The cost and expenses incident to the Receivership should be taxed against the plaintiff and he should be required to pay the same as a condition precedent to his right to the title. The decree should be reformed so as to exclude paragraph 1(b) and paragraph 1(e) and requiring the plaintiff to pay the sum of $1,500.00 included in paragraph 1(b) and the $2,000.00 included in paragraph 1(e) which would then leave in the registry of the court the sum of $31,690.30, which should be ordered paid over to the defendant.

It is the further contention of the petitioners that the decree of January 10th, 1945 should now be set aside and vacated and the suit dismissed because the record now shows that such decree was entered under a misconception of the facts upon which that decree is based. The contention is disallowed because the purpose of the bill of complaint was to procure a judicial declaration of the construction of the option contract and thereupon to have decreed specific performance of the contract as judicially construed with an offer by plaintiff to perform the contract on his part in accordance with the judicial construction thereof.

Certiorari is granted and the order as reflected by paragraph 1(b) and paragraph 1(e) and insofar as it orders only $28,190.13 to be paid over to the defendant, is quashed with directions that a decree be entered in accordance with the views herein expressed.

So ordered.

CHAPMAN, C. J., BROWN, BUFORD and THOMAS, JJ., concur.

TERRELL, ADAMS and SEBRING, JJ., dissent.