**DORA EISENBERG, joined by her husband, JULIUS EISENBERG, v. HARRY A. CORNBLUM.**

28 So. (2nd) 256      June Term, 1946

December 3, 1946      Division A

*Hoffman & Durant* for Dora Eisenberg, joined by her husband, Julius Eisenberg, petitioners and respondent.

*McKay, Dixon & DeJarnette* and *Keen & O'Kelley,* for Harry A. Cornblum, respondent and petitioners.

BUFORD, J.:

This matter is before us on two petitions for certiorari under Rule 34. After the mandate went down to the lower court, pursuant to our opinion and judgment of April 30, 1946, Cornblum applied to the trial court for decree which would require Cornblum to pay into the registry of the court a sufficient sum to make the total sum so deposited equal the sum of $31,690.30 relying on that part of our opinion and judgment in Eisenberg v. Cornblum, filed April 30, 1946, reading as follows:

"The decree should be reformed so as to exclude paragraph 1(b) and paragraph 1(e) and requiring the plaintiff to pay the sum of $1500.00 included in paragraph 1(b) and the $2000.00 included in paragraph 1(e) which would then leave in the registry of the court the sum of $31,690.30, which should be ordered paid over to the defendant."—and disregarding that part of our opinion and judgment which said "the costs and expenses incident to the receivership should be taxed against the plaintiff and he should be required to pay the same as a condition precedent to his right to the title."

At the same time the Eisenbergs presented a motion to the Circuit Court praying for a final decree to comply with the views expressed by this court in the opinion of April 30, 1946, that "the costs and expense incident to the receivership should be taxed against the plaintiff and he should be required to pay the same as a condition precedent to his right to the title," and prayed that to this end the trial court will grant unto the defendants an accounting as to the amount due the defendants (1) on and for the sale of the property involved in this litigation; (2) the amount due the defendants Eisenberg from the plaintiff Cornblum for and by reason of the improvident appointment of the receiver at the instance of the plaintiff and

(3) the amount due from Cornblum to Eisenberg for revenues and profit of operation of the hotel under the wrongful possession of Cornblum.

The Chancellor denied both motions and each of the parties seeks review of that part of the order so made which is adverse to the petitioning party.

It is readily apparent that both motions could not be granted.

Our construction is that the only matter which was left open by our opinion and judgment of April 30, 1946, was the amount of the cost and expense incident to the receivership of a receiver improvidently appointed.

Our opinion and judgment of April 30, 1946, mentioned the sum of $1500.00 and the sum of $2000.00. These were items specifically mentioned in sub-paragraphs (b) and (e) of paragraph 1 of the final decree which we found to be improperly charged to the defendants.

The other costs and expenses of the receivership were not detailed in the decree and are yet to be determined by the Chancellor.

Each of the parties prepared and presented to the Chancellor a proposed form of final decree as each respectively contended should be entered.

The decree presented by Cornblum was not in accord with the rationale of our opinion and judgment of April 30th because it contemplated only charging to Cornblum as expense and cost incident to the improvident relationship the two items aggregating $3500.00 while there remained a number of other items which could have been charged to Cornblum, and which he should have been required to pay and the amount of which the court below was required to ascertain and determine.

We are not prepared to say that all the items suggested in the proposed decree (including the value of any money, credit or other personal property belonging to the Eisenbergs and which may have come into the hands of the receiver by reason of his appointment and which has been consumed or expended in the administration of the receivership), presented by Eisenberg were expended or were properly chargeable as

the costs and expense of the improvident receivership which was occasioned by Cornblum.

Certiorari is denied on the petition of Cornblum.

Certiorari is granted on petition of the Eisenbergs and the order denying the motion of the Eisenbergs praying that the court below will grant the defendants an accounting for the sale price of the property in this litigation and the amount due the defendants Eisenbergs from the plaintiff Cornblum for and by reason of the improvident appointment of receiver at the instance of the plaintiff (including the value of any money, credit or other personal property belonging to the Eisenbergs and which may have come into the hands of the receiver by reason of his appointment and which has been consumed or expended in the administration of the receivership) is quashed with directions that the court below ascertain the amount of the costs and expenses incident to the receivership (including the value of any money, credit or other personal property belonging to the Eisenbergs and which may have come into the hands of the receiver by reason of his appointment and which has been consumed or expended in the administration of the receivership) and require that such costs, in addition to the other sums adjudged to be due to the Eisenbergs, to be paid by Cornblum as condition precedent to taking title to the property.

It is so ordered.

CHAPMAN, C. J., TERRELL and BARNS, JJ., concur.