DREW, Justice.
This is the second appearance of this case in this Court. See Manning v. Clark, 56 So.2d 521. After consideration of the original appeal, we reversed the lower court “with direction to the lower court to enter an order transferring the cause to the law side of the court and for further proceeding in accordance with law.” On rehearing granted in that case, we further directed the lower court to calculate the Special Master’s fee theretofore awarded in the sum of $1,250 under the statute and our previous adjudications on this point, and further observed that there should be a liberal downward scaling of the Receiver’s fee theretofore awarded in the sum of $750. The Accountant’s fee was approved. The concluding paragraph of the opinion on rehearing provided that the foregoing costs be assessed equally against the plaintiff and defendants below.
The mandate in the former appeal was filed in the lower court on February 21, 1952. On March 24, 1952, the lower court entered an order transferring the said cause “from the equity docket to the law docket”, the pertinent portions of which are as follows:
“1. That this Cause be and it is hereby transferred to the law docket of this Court.
*353 “2. That the bond heretofore filed with the Clerk of this Court in the sum of Ten Thousand Dollars ($10,000) be and it is hereby ordered in full force and effect and subject to the further order of this Court as to the interests of the Plaintiffs therein.
“3. That all pleadings, motions, orders, reports, bonds, testimony and transcripts thereof, exhibits and any other instruments of every nature filed in the Chancery side of this Court be and they are hereby considered as filed in the Law side of this Court.”
On the same date, viz., March 24, 1952, the plaintiffs below filed a motion for summary judgment, the pertinent portions of which are as follows:
“1. That this Court has by its Order transferred to the law side of this Court the foregoing Cause and has by its Order directed that all of the,pleadings, motions, orders, reports, bonds, testimony and transcripts thereof, exhibits and any other instruments of every nature be considered as filed in the law side of this 'Court.
“2. That heretofore by proper and appropriate proceedings in due conformance with the prior order and direction of this Court the issues presented by the pleadings were tried and the decision thereon reflected by the prior decree of this Court.
“3. The pleadings, testimony, exhibits and admissions on file show that there is no genuine issue as to any material fact and that the Plaintiffs are entitled to a Judgment as a matter, of law and no further testimony need be taken nor can any further proceedings have any material bearing upon the issues thus determined.
“4. That the plaintiffs as a matter of law are entitled to a Judgment against the Defendant and his sureties in the sum of $4700 as principal and in the sum of $540.61 as interest from the 28th day of March, 1950 to the 28th day of February, 1952 and to interest from said date until the date of payment; that the Plaintiffs as a matter of law are entitled to have and recover from the Defendant and his sureties the costs necessarily expended by the Plaintiffs in the prosecution of their claim and demand against the Defendant or incurred by them or that they will be required to expend and the Plaintiffs hereby advise the Court that the Plaintiffs are required to expend the sum of $325 to the Receiver, Sid W. Langer, $167.50 to the accountants, Callahan & Stuzin, and have heretofore paid to the Court Reporter, Col-man & Colman the sum of $167.75 in addition to the filing fee in the sum of $7.50 and the Sheriff’s costs in the amount of $7.20, for all of which Plaintiffs ask Final Judgment.”
On April 22, '1952, a final judgment was entered pursuant to the foregoing motion, awarding the plaintiffs below the sum of $4,700 as principal, the sum- of $575.86 as interest and $1,294.95 as costs, and ordered execution against the defendant “and his surety upon the bond heretofore filed in this cause.” The appellant contends that the lower court was in error in transferring this cause to the law side of the Circuit Court of Dade County, because the principal amount in controversy was less than $5,000, exclusive of interest and costs, and that because of such fact the Civil Court of Record of Dade County had jurisdiction. We do not agree with' this contention. We hold the 'Circuit Court of Dade County had jurisdiction because the original controversy on the Chancery side concerned advances made by plaintiffs to the extent of $9,000. The figure of $4,700 was the amount which defendant admitted was advanced and which the Master in Chancery held to be due. The cause was properly transferred to the Circuit Court of Dade County so far as jurisdiction is concerned.
The appellant argues that the transfer of this cause to the law side of the court in the manner set forth here and the prompt entry of the summary judgment denied him due process of law in that 'he *354 did not have his day in court and was deprived of the right to a trial by jury.
Equity Rule 75 provides that when it appears that a suit commenced in equity should have been brought as an action in law, it shall be forthwith transferred “ * * with only such alteration in the pleadings as shall be essential.” (Emphasis supplied.) Without passing on the question of whether the procedure adopted by the lower court was a denial of due process to appellant, we think it apparent that in this case the spirit and letter of the Rule required more to be done than was done. We hold that the lower court should have in his order of transferal established the procedure to be followed with reference to time for pleading by the parties.
The bond referred to in the final judgment was posted in the equity suit and was conditioned as follows:
* * * “conditioned upon the decision of this Court, to pay the Plaintiffs’ interests as may be proven before the Special Master herein, and all costs incidental to and in connection with this case, including Special Master’s fees, reporter’s costs, and receiver’s fees and costs; and when said bond has been approved by the 'Clerk of this Court, then the receiver heretofore appointed to take charge of the equipment described in the Bill of Complaint be discharged, and the injunction heretofore entered by this Court on March 28, 1950, be dissolved.”
We hold that there was no authority whatever for including in the final judgment the provision requiring the payment thereof by the surety on the bond.
It is apparent on the face of the final judgment brought here for review that the lower court has not complied with that portion of the mandate of this Court requiring the reassessment of Master’s fees and the “liberal downward scaling” of the Receiver’s fee. This should be done promptly.
The judgment is reversed with directions to the lower court to enter such order as shall be essential to afford both the appellant and appellees an opportunity to file further pleadings on the law side of the court.
Affirmed in part and reversed in part.
SEBRING, C. J., and THOMAS and MATHEWS, JJ., concur.