THOMAS, Justice.
This controversy is not new. In the first trial the appellant secured a verdict against Emmco Insurance Company-and the judge granted a motion for new trial because he was convinced that he had erred in one of his charges to the jury. Upon appeal we affirmed his ruling. Bradley v. Associates Discount Corp., Fla., 58 So.2d 857. In effect he had charged the jury that liability under the policy would not determine unless the plaintiff, appellant, received actual notice of cancellation before the loss was sustained. We held that the charge did not conform to the pertinent provision of the insurance contract, that could be abrogated “by mailing to the Named Insured [Associates Discount Corporation, transferee of seller of the car] and to the *914 Purchaser or Borrower '[appellant] * * written notice stating when not less than five (5) days thereafter such cancelation [sic] shall be effective.” It was our conviction that the quoted language was so unambiguous as to offer no occasion for the application of the rule of strict construction or, therefore, for the charge given.
Upon return of the mandate, based on the decision in the cited case, the insurance company presented its motion for summary judgment, and it was granted. The judge recited the “submission [by counsel] of a portion of the transcript” of the former trial and his “consideration of the pleadings and exhibits.” He concluded from these, from the argument of counsel and from the opinion of this court, that there was “no genuine issue of fact to be tried before the jury” hence, as a matter of law, summary judgment was justified. This appeal was taken from the summary judgment.
When the controversy was decided in this court and the mandate was issued to the circuit court the case was then ready for trial as if none had hitherto been held except, that one defendant, Associates Discount Corporation, seems to have been eliminated because there was a verdict against Emmco Insurance Company and none against Associates Discount Corporation. 'Incidentally, the appeal was taken only from the; order granting the insurance company’s motion for a new trial. We are not, and were not then advised whether a judgment was entered in favor of Associates Discount Corporation.
The motion for summary judgment was as appropriate at the threshold of the second trial as it would have been at the beginning of the first. Our decision, then, must primarily depend on the absence or presence of a real issue of fact on the eve of the second trial, and, secondarily, on the manner of supporting tire motion.
We have re-examined the record in the former appeal and have studied again the opinion we rendered then. From the information gained we are still convinced that a vital point in the litigation was, and is, the kind and effect of the notice with reference to the cancellation of the insurance contract. This question of law was decided contrary to appellant’s contention and we find no occasion to disturb the ruling in that respect.
But after a perusal of the records in both appeals, we cannot agree that the circuit judge’s adherence to our mandate necessarily resulted in reducing to one the genuine issues of fact which arose from the pleadings in the case. We say this because it was charged in the complaint that Associates Discount Corporation and Emmco Insurance Company operated under the same management and that the former frequently acted as agent for the latter; that in this capacity Associates Discount Corporation received notice cfi the cancellation of the policy and failed to notify the plaintiff of the fact.
In reply the insurance company specifically denied any such “relationship or tie-in or connection with any of the other named defendants * *
The complaint and answer in the present transcript appear for the first time in this court. Nothing is shown in either record about any attack on either pleading.
Turning to the record in the first appeal we learn that the court charged the jury, relevant to the allegations we have cited, about their consideration and determination of the relationship between Associates Discount Corporation and Emmco Insurance Company.
Although Ve have severely condensed the only references to the element of agency in the pleadings we believe we have recorded enough to demonstrate that this question was so definitely presented in the case as to justify a charge on the subject and as, conceivably, to lay a foundation for a genuine issue of fact. Precisely what factual situation developed around the pleading by testimony at the first trial, we do not know because the only parts of the evidence before us are the meager excerpts brought us in the second appeal.
This view is emphasized by the stipulation in the pre-trial order that three original receipts executed by one Paulson, evidently on behalf of Associates Discount *915 Corporation, and delivered to the appellant, be introduced, subject to objection as to their legal effect and as to the signatory’s authority. At least one of these receipts was dated more than a month after notice was given of cancellation of the insurance policy. It showed the payment of an in-stalment due on the car was signed by Paul-son evidently for Associates Discount Corporation, and, despite the notice of cancellation, had the notation

So the appellant was apparently advised by Associates Discount Corporation after the notice that his insurance was still in force.
It is our conclusion that this matter of agency, and the related ones of waiver and estoppel, may well have formed genuine issues of fact remaining for decision and that it was error to dispose of the litigation summarily in this state of the pleadings in view of what transpired at the first trial so far as we can understand it from the information brought to us.
Under the rule governing summary judgments, Common Law Rule 43, 30 F. S.A., such a judgment shall be rendered if it is apparent from “the pleadings, depositions and admissions on file, together with the affidavits, if any, * * * that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” (Emphasis supplied.) We have the view that pertinent excerpts from the transcription of the testimony introduced in the first trial was easily as dependable for the purpose of testing the motion as depositions, admissions and affidavits would have been and that, therefore, the court committed no error in considering it for that purpose.
Reversed in part; affirmed in part.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.