71 So.2d 508 (1954)
MANNING et al.
v.
CLARK et al.
Supreme Court of Florida. Special Division B.
March 16, 1954.
Rehearing Denied April 21, 1954.
*509 Anderson & Nadeau, Miami, for appellants.
Daniel Sepler and Boyce F. Ezell, Jr., Miami, for appellees.
DREW, Justice.
This case is before us a third time. See Manning v. Clark, Fla., 56 So.2d 521; Manning v. Clark, Fla., 62 So.2d 352.
When the lower court transferred the cause to the law side of the court following the mandate in the last appeal, provision was made for filing new pleadings but the lower court ordered the bond of $10,000 referred to in the second appeal continued "in full force and subject to the further order of this Court as to the interests of the plaintiffs therein." Pursuant to this order appellees Clark and Baker filed a complaint alleging that appellant Manning was indebted to them in the sum of $9,000 on account of advances made to Manning pursuant to a letter written by Manning to Clark in which it is stated, inter alia, "It is understood by me that all monies advanced by you for shipping equipment and personal [sic] is to be returned out of the gross receipts." (Italics supplied.)
Appellant Manning filed motion to dismiss, answer and counterclaim. The answer denied the indebtedness, and alleged a departure in pleading from that taken in a former motion with reference to the amount claimed. The counterclaim alleged that advances made by Clark were to be paid out of profits and that there were no profits. The counterclaim further alleged that Clark wrongfully filed the bill for accounting, injunction, recovery and other relief (discussed and disposed of in the first appeal) and that by reason thereof he, Manning, incurred the following expenses and suffered the following damages: hotel charges for himself and others during the period of receivership; $1,294.95 for Master's fees, receivership fees and accountant's fees; $2,500 attorneys' fees and bond fees in an amount unnamed.
The lower court sustained a motion by Clark to strike portions of Manning's answer (the portion relating to a departure in pleading) and all of his counterclaim. In the same order he overruled Manning's motion to dismiss the complaint. At the same time he granted Clark's motion for a summary judgment and entered final judgment as follows:
"This Cause came on to be heard upon the Motion of the plaintiffs for the entry of a Final Judgment, and it appearing from the pleadings, testimony, evidence and admissions on file in this cause that there is no genuine issue as to any material fact, and that the plaintiffs are entitled to a Final Judgment as a matter of law; and it appearing unto the Court that no further testimony or evidence could be elicited which would tend to show there to be a genuine issue as to any material fact; and the parties to this cause being represented before me by their respective counsel; and after hearing argument of counsel, and the Court being fully advised in the premises, it is:
"Ordered and Adjudged, as follows:
"1. That the plaintiffs do have, receive and recover of and from the defendant, Ross Manning, doing business as Ross Manning Carnivals, the sum of Forty Seven Hundred Dollars ($4,700.00) as principal, the sum of *510 Eight Hundred Seventy Eight and 08/100 Dollars ($878.08) as interest to the 11th day of May, 1953, and the costs of Court assessed herein at Fourteen and 40/100 ($14.40), for all of which let execution issue against the said defendant, Ross Manning, doing business as Ross Manning Carnivals."
This appeal is from the above judgment.
The first question presented concerns that part of the order transferring the cause wherein the lower court continued the $10,000 bond posted in the Chancery suit in full force and effect. The opinion in the last appeal (62 So.2d 352) disposed of this question. This bond is not subject to a judgment that might be entered in the common law suit.
The next question presented is whether the lower court could lawfully use the record in the Chancery case as a basis for the rendition of a summary judgment.
The rule pertinent to this inquiry is Rule 43 of the Common Law Rules, 30 F.S.A. The part of that rule with which we are now concerned provides, "The judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.)
When a cause is transferred to the law side of the court after it has been commenced in equity as provided by Equity Rule 75, 31 F.S.A., and when the transfer is to the law side of the same court (as it is here) the order of transfer makes the original papers in the equity case a part of the common law case so far as they may be applicable. This is plain from the very language of the Rule itself and such conclusion is certainly in accordance with the spirit thereof. If there are depositions and admissions in the Chancery suit and if such are germane to the issues made up in the common law action we can think of no good reason why they should not be used in the disposition of a motion for summary judgment, and hold that they can be so used. Compare Bradley v. Associates Discount Corp., Fla., 67 So.2d 913.
Having determined that the lower court was correct in using the papers originally in the Chancery suit, we now direct our attention to the proposition of whether a consideration of these papers (no additional affidavits were filed), together with the new issues and rulings on the law side of the court, authorized the lower court to conclude that there was no genuine issue of any material fact and that the appellees were entitled to a judgment as a matter of law. In Williams v. City of Lake City, Fla., 1953, 62 So.2d 732, 733, we discussed the circumstances under which summary judgments should be entered. Some uncertainty may have been created by the following sentence in the foregoing case: "To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted." When read in context the import of the quoted language is that when a judge encounters doubt as to the existence or nonexistence of a genuine issue of fact the doubt should be resolved against the movant. As thus corrected the sentence will harmonize with the facts of the opinion preceding and following it and with our other decisions on the subject.
As we have said, "If the salient facts are established beyond dispute the question then arises whether one party or the other should be awarded a judgment as a matter of law which the judge may decide using the established facts as a premise." Anderson v. Maddox, Fla., 65 So.2d 299, 300.
In the recast pleadings Manning interposed a counterclaim as heretofore related. The law seems well established that one may recover damages arising out of the wrongful appointment of a receiver. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 *511 So. 856. See also 75 C.J.S., Receivers, § 427, p. 1099; 45 Am.Jur. 104, Section 123. We think the counterclaim stated a cause of action if its allegations as to damages are restricted to damages arising out of the receivership and the injunction collateral thereto and not the defense of the Chancery action on the merits. We think such allegations may be so construed.
That the appointment of a receiver was wrongful in a legal sense has been res adjudicata since the mandate went down in the first appeal and we need no longer concern ourselves with that question. This issue is closed. We conclude that legal damages arising out of the wrongful appointment of the receiver and the collateral injunction are recoverable and are the proper subject of a counterclaim under the situation here before us and the lower court.
The measure of damages in such a case is discussed in New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., supra. Also see the three opinions in the case of Eisenburg v. Cornblum, 156 Fla. 702, 24 So.2d 236; Id., 157 Fla. 372, 26 So.2d 49; Id., 158 Fla. 177, 28 So.2d 256. The fact that no bond was posted by the appellees does not affect their liability, although, if a bond were posted, under some conditions it might operate as a limitation of liability. On remand it should be borne in mind that appellant's damages are only those which he sustains by virtue of the injunction and receiver aforesaid which were in effect only a few days. Such portions of the expenses set forth in the counterclaim that are properly allocable to the defense of the Chancery suit on its merits are not recoverable. We realize there is a divergence of views on this subject but this Court has determined what rule it would follow in New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 725, 166 So. 856, 859, supra, in the following language:
"* * * we hold that where, as here, the receivership was inseparable from relief sought by the bill and the receivership was the indispensable medium through and by which to receive the relief prayed, the defendant can recover as damages in a suit on the bond given to obtain the appointment of the receiver such proportion of attorneys' fees as were reasonably and properly incurred by the defendant in procuring a decree discharging the receiver, although such decree also disposes of the case on its merits." (Emphasis added.)
While the above concerns itself with attorney's fees we hold the same rule applies to other proper items of damage.
While we are on this subject it is not amiss to observe that the appellees' status when they impound property in an equity action is very similar to that when they attach property in a common law suit. In the latter case there has never been any doubt about liability in the event it was determined that attachment was wrongful. We see no reason why appellees should find sanctuary from such liability by accomplishing the same result in an equity court.
As to the sum of $4,700 included in the judgment appealed from we have carefully and minutely examined the record in order to determine whether this liability was admitted. Manning's answer in the common law suit says "the plaintiffs advanced only the sum of approximately $4,700.00." He testified under oath that his expenses were so much "* * * including the $4,700.00 advanced by Clark," and in response to the question, "Mr. Manning, I believe you testified that the plaintiffs advanced you for shipment of equipment and personnel approximately $5,000.00?" Mr. Manning replied: "$4,700.00." So it is, there can be no doubt that $4,700 was the least that was advanced to and received and used by Manning.
The questions of whether the injunction was wrongfully issued and the receiver wrongfully appointed were disposed of in the first appeal. Such decision also determined that there was no joint venture with a consequent sharing of losses and *512 that the relation between the parties was merely that of creditor and debtor. That holding, together with the admissions in the record of the equity action, is amply sufficient to sustain the conclusion in the law action that as a matter of law the $4,700 is in fact a debt owing by appellant to appellees.
We hold, in this appeal, that in the state of the pleadings, it being error to dismiss the counterclaim, there is a genuine issue of a material fact which should be submitted to the jury, viz: the amount of damages due Manning under his counterclaim, to be determined by the yardstick laid down herein. On that issue alone the cause is reversed with directions to submit the same to a jury under proper instructions.
The final judgment is vacated and set aside with directions to proceed further in accordance with this opinion.
Reversed with directions.
THOMAS, Acting C.J., and HOBSON and MATHEWS, JJ., concur.