CORO, Inc., Plaintiff,

v.

A. J. ABRAMSON and Irvin Schwartz, d/b/a Caro and Caro Jewelry Company, Defendants.

Civ. A. No. 1485.

United States District Court
S. D. Mississippi, S. D.,
at Biloxi.

April 6, 1956.

Morse & Morse, Gulfport, Miss., by Stanford E. Morse, Gulfport, Miss., trial counsel, George R. Smith, Gulfport, Miss., Weil, Gotshal & Manges, New York City, of counsel, for plaintiff.

Rushing & Guice, Biloxi, Miss., by W. L. Guice, Biloxi, Miss., trial counsel, for defendants.

LEIBELL, District Judge.

### Findings of Fact

1. Coro, Inc., is a corporation organized and existing under the laws of the State of New York and is a citizen of the State of New York.

2. Defendants, A. J. Abramson and Irvin Schwartz, are resident citizens of Biloxi, Harrison County, State of Mississippi, and are doing business as "Caro Jewelry Company" and as "Caro" in

block letters and "Caro" with script letters.

3. Since 1901 plaintiff, Coro, Inc., has been engaged in the business of manufacturing jewelry and selling the same to the retail trade.

4. During the more than fifty years of its existence, plaintiff Coro, Inc., has established factories in the United States of America and Canada, maintained sales offices and sales representatives throughout the United States and in numerous countries throughout the world, and sells its products in almost every country throughout the world. The word "Coro" was made up of the first two letters of the names of the founders of the business, Cohen and Rosenberger.

5. Beginning in or about 1919 plaintiff, Coro, Inc., adopted and used in connection with the sale of its said costume, novelty and fashion jewelry, the name and style of "Coro" written both in block letters and in script and also used both with and without a flying horse known as a pegasus.

6. The said name "Coro", associated with plaintiff's products as aforesaid, has acquired a wide and outstanding reputation in the retail trade and to the consuming public for quality and leadership in fashion.

7. Plaintiff, Coro, Inc., has expended substantial sums of money in advertising to promote its said name "Coro" and the good will attached thereto and to keep the name "Coro" before the consuming public and the retail trade. The advertising budget of plaintiff, Coro, Inc., for the years 1954 and 1955 was approximately $600,000 for each of said years.

8. The advertising and publicity of plaintiff, Coro, Inc., appears throughout the United States of America, including the States of Louisiana and Mississippi, and also in various foreign countries. The media of such advertising is radio, television, national magazines such as "Glamour," "Seventeen," "Harper's Bazaar," "Charm," "Mademoiselle" and "Vogue" and newspapers.

9. Plaintiff, Coro, Inc., has a cooperative advertising program whereby plaintiff, Coro, Inc., pays one-half of the cost of advertising and the retail store pays the other one-half of such cost. Advertisements have appeared in the New Orleans, Biloxi, Gulfport, and other newspapers in the area, of Coro jewelry sold by retail customers of plaintiff, Coro, Inc.

10. Plaintiff's products sold under the name "Coro" have met with popular approval throughout the retail trade and the consuming public. Gross sales of plaintiff, Coro, Inc., in the calendar year 1954 were $24,923,415.67 and for the calendar year 1955 were approximately $26,000,000. The plaintiff's items of costume jewelry sell for prices ranging from $1 to $20 at retail.

11. As a result of plaintiff's extensive sales and advertising and the promotion of its products under the name "Coro", the name "Coro" has come to mean and is understood to mean throughout the United States, including the State of Mississippi and the City of Biloxi and the City of Gulfport, the products of plaintiff, Coro, Inc., and plaintiff, Coro, Inc., as a business organization, and the word "Coro" is a mark by which the goods of plaintiff, Coro, Inc., are distinguished from other goods of the same general character and class.

12. Plaintiff in 1921 registered with the Commissioner of Patents the name "Coro" as a trademark and has used this trademark continuously since that date and has, subsequent to 1921, renewed said trademark as shown by the Certificates of Registration of the Commissioner of Patents bearing the following numbers: 137,160, 141,099, 389,406, 389,906, 399,084, 399,278, 402,504, 427,417 and 531,268. Said trademark registrations relate to a wide variety of jewelry items. Plaintiff also filed trademark application number 489,900 relating to a variety of jewelry items on October 13, 1945 and certificate of registration issued February 11, 1947; and application number 579,862 filed June 2, 1949 and certificate of registration issued June 26, 1950.

13. Plaintiff, Coro, Inc., has substantial sales of its products in the State of Mississippi and particularly in the southern part of said state, including the Coun-

ties of Jackson and Harrison. Plaintiff, Coro, Inc., sells its regular line of products under its "Coro" name to retail departments stores, specialty stores and jewelry stores in Biloxi and Gulfport, Mississippi, and in other towns and cities in the immediate vicinity. Certain of the customers of plaintiff selling Coro jewelry in Biloxi, Mississippi (M. V. Joyce & Co., J. C. Penney Co. and Austin), are within a few blocks of the retail jewelry store owned and operated by the defendants under the name "Caro" in Biloxi, Mississippi.

14. Defendants operate a retail jewelry business at 415½ West Howard Avenue, City of Biloxi, Harrison County, Mississippi, under the name "Caro", in both block and script letters, and Caro Jewelry Company. Their store is 12 x 35 feet and their gross business was $50,000 in 1955. They sell diamond rings, genuine jewelry, watches, silverware and costume jewelry. Their sales of costume jewelry are 2% of their gross sales, but in units sold are as 10 to 1 compared with other items sold. Defendants bought the store in 1954 from David Rosenblum, who sold "Coro" costume jewelry. Defendants do not sell Coro's products, but they sell costume jewelry of other national competitors of plaintiff.

15. Defendants have in the past and now are advertising and selling products, including costume and novelty jewelry of the same type as those of the plaintiff, Coro, Inc., wherein the name "Caro" in both block and script letters and Caro Jewelry Company is used in connection with and in association with the advertisement and sale of such products and wherein a script is used by defendants to set forth the name "Caro" in almost identical fashion to the script used by plaintiff, Coro, Inc., in its advertising and promotion and sales of its products and in the conduct of its business under the name "Coro".

16. Defendants' use of the name "Caro" in both block letters and script and of the name Caro Jewelry Company has been and now is without the consent of the plaintiff, Coro, Inc.

17. Defendants have at no time applied for or been granted a Certificate of Registration of the name "Caro" by the United States Patent Office.

18. Defendants' sales and advertisements have been and now are in an area, Biloxi, Mississippi, where plaintiff, Coro, Inc., sells its products under the name of "Coro" as aforesaid and where retail stores sell the Coro products under the said tradename and trademark.

19. Defendants adopted the name "Caro" in both block and script letters and Caro Jewelry Company, to be used in connection with the advertisement and sale of its products as aforesaid, in or about June 1954 when they acquired the business of David Rosenblum, with full knowledge of the prior and extensive use by plaintiff of its trademark "Coro" in connection with the manufacture and sale of items of costume jewelry and various novelties. Rosenblum had used the word "Caro" in the corporate name Caro Jewelry Company in early 1954. Prior thereto, on the advice of his attorney he had abandoned the name "Ciro", on complaint of the restaurant people, and his attorney incorporated the defendant "Caro Jewelry Company". The attorney used the word "Caro" as meaning "dear" or "beloved", taken from the Italian. The defendants had prior experience in the jewelry business for twenty years. They knew of the plaintiff's products and plaintiff's trademark with the word "Coro". They used the script form of "Caro" in their newspaper advertising, closely imitating the script of "Coro" in plaintiff's trademark number 489–900 issued October 13, 1945, when they had the "grand opening" of the store under their ownership on August 10, 1954. Such use was an intentional, not an innocent appropriation of the important part of plaintiff's trademark.

20. The name "Caro" as used by defendants in their business, is a colorable imitation of the registered trademarks of plaintiff, Coro, Inc. and is a deliberate infringement thereof.

21. The continued and unauthorized use by the defendants of the confusing

similar name "Caro" in block or script form, or Caro Jewelry Company, or any other variation thereof in connection with the advertisement and sale of its products as aforesaid has probably already caused and will inevitably cause confusion and deception to the consuming public, and will lead the average purchaser of costume jewelry erroneously to believe that the products advertised and sold by defendants are either manufactured or sponsored or sold by plaintiff or are being advertised and sold with the consent and authority of the plaintiff.

22. The continued use by the defendants of the name "Caro" as aforesaid has caused and unless restrained, will continue to cause, serious and irreparable injury to the plaintiff; and, if not restrained, may encourage others to follow defendants' example in other localities.

23. The reputation built up by plaintiff, Coro, Inc., through its many years of successful and extensive operation and the expenditure of substantial sums of money for advertising and publicity is being unfairly and improperly traded upon by the defendants in the conduct of defendants' business as aforesaid.

### Conclusions of Law

I. The Court has jurisdiction of the subject matter and the parties.

II. The conduct of defendants herein constitutes an infringement of the trademarks owned by plaintiff, Coro, Inc., embodying the word "Coro", to plaintiff's irreparable damage.

III. The conduct of defendants hereinabove described constitutes unfair trade practices and unfair competition against plaintiff, Coro, Inc., and is likely to continue to cause plaintiff irreparable damage.

IV. The defendants and their agents, servants, employees, successors and assigns should be enjoined by final injunction from further acts of unfair competition and trademark infringement, arising out of their unlawful simulation of the trademarks of plaintiff embodying the word "Coro".

V. The defendants and their agents, servants, employees, successors and assigns should be enjoined by final injunction from using the name "Coro" or "Caro" or "Caro Jewelry Company" in block or script letters or in any other form and any other name or corporate title simulating plaintiff's aforesaid trademarks embodying the word "Coro", in the operation of the business of the defendants, or in selling, marketing or otherwise disposing of costume jewelry, jewelry, novelty jewelry or any other items of merchandise.

VI. Plaintiff, Coro, Inc., should have and recover of and from defendants its costs in this action.

VII. Counsel for plaintiff will present a judgment and decree consistent herewith.

### Opinion

Hereinabove I have set forth my findings of fact. Some of the evidence to support the findings will be referred to in this memorandum. My conclusions of law allow the plaintiff the injunctive relief prayed for. I believe that these conclusions are supported by the applicable decided cases, which will be cited.

The complaint in this action was filed October 1, 1954. It contains two claims or causes of action. One is based upon an infringement of plaintiff's registered trademarks, copies of which are annexed to the complaint; the other is based on unfair competition. Both injunctive relief and damages were prayed for in the complaint, but at the trial the claim for damages was withdrawn. The validity of plaintiff's registered trademarks is not challenged. The issues tried related to infringement and unfair competition.

The plaintiff is a large corporation, with its principal manufacturing plant located at Providence, Rhode Island. Its gross sales run close to $25,000,000 a year. It has been in existence since 1901. In 1919 it adopted and used the word "Coro" in connection with the sale of various articles of its "costume jewelry" or "fashion jewelry". Plaintiff has

spent large sums of money for advertising its costume jewelry in connection with its trademark "Coro"; in 1954 and 1955, as much as $600,000 each year. It shares the expense of advertising in local newspapers with many of its retail distributors. The retail prices of plaintiff's costume jewelry range from $1 to $20.

The defendants occupied a small jewelry store, 12′ x 35′, on Howard Avenue, which extends in a Southeast and Northwest direction in Biloxi, Mississippi, when this action was commenced. They bought the business from David Rosenblum in June 1954. While this action was pending, Abramson sold out to Schwartz in April 1955. Rosenblum had sold Coro jewelry. The defendants do not. The store's gross business is about $50,000 a year.

Defendants have used the word "Caro" in an electric arrow sign suspended over the sidewalk at the entrance to their store (Ex. A), so that it can be seen by a passerby from either direction, the lettering showing the same from both sides of the sign. The word "Caro" is in the perpendicular part of the arrow sign, in block letters. Below it, in small block letters, is the word "Credit" on the point end of the arrow, which is turned towards the store entrance. A few feet below that sign is a separate horizontal sign, showing the word "Jewelers" in larger block letters. On one show window are the words "Credit Jewelers"; on the other "Watch Repairing" (Ex. B). On a drape over the window display appears the word "Caro's" in script (Ex. 11). Defendants have used the word "Caro", in both block lettering and in script, in their local newspaper advertising (Ex. 10).

Defendants sell genuine jewelry, watches, silverware and costume jewelry. In dollar volume their costume jewelry sales are only 2% of their gross; but in the number of items sold they are as 10 to 1 compared with the jewelry, watches and silverware items sold. The defendants do not sell plaintiff's costume jewelry but they sell other and competing nationally known makes of costume jewelry. They have a separate department for costume jewelry (Ex. 12).

The manner in which the defendants came to use the word "Caro" in their corporate name, on their sign and in their advertising was explained by their attorney in his opening statement. It appears that this jewelry store had been using the name "Ciro", when operated by David Rosenblum, but the restaurant people who had used the name "Ciro" in many cities complained, and defendants' attorney advised Rosenblum to abandon the use of the word "Ciro". The attorney then incorporated the business as the "Caro Jewelry Company". In his opening statement to the Court he stated that in selecting the name Caro, he had in mind the Italian word "caro" as meaning "dear" or "dearest". The attorney had no intention to adopt a name that would resemble plaintiff's name "Coro".

But Rosenblum, who owned the jewelry store, knew about Coro costume jewelry. He had sold it in his store. Both Abramson and Schwartz had been in the jewelry business for twenty years before they bought out Rosenblum in June 1954. They must have known the much-advertised "Coro" in the jewelry trade and the close resemblance of "Caro" to "Coro". In their opening advertisement in the Biloxi Daily Herald of August 10, 1954 (a copy of which was annexed to the complaint as Ex. P), they had a full page devoted to their "Grand Opening" in which they displayed the script word "Caro" (prominently both at the top and at the bottom of the advertisement), closely similar to the word "Coro" as displayed in plaintiff's trademark registration, number 427,417, registered February 11, 1947, a copy of which is annexed to the complaint. Plaintiff extensively advertised its trademark and the script word "Coro", as evidenced by Exhibits A to F annexed to the complaint, which are part of the record of the trial.

I am satisfied that the attorney who incorporated "Caro Jewelry Company" had no idea that it could be used as a means of poaching on plaintiff's good will. He

has an avowed dislike for costume jewelry. But I believe that the defendants appreciated the possibilities of the situation and deliberately used the name "Caro" and also put it in script form in their advertising and in their show windows. Schwartz testified that he did not know the Italian derivation of the word "Caro", or what its English meaning was, until seven months before the trial.

The plaintiff contends that even if the infringement of the trademark had been innocent or technical, and even though the plaintiff may not have suffered any provable actual damages, the likelihood of unfair competition due to the close resemblance of the two names, and their use in the same or closely related types of business, entitles the plaintiff to injunctive relief both under the Federal law relating to trademark infringement and under the Mississippi State law on unfair competition.

The defendants argue that there has been no confusion or deception of any customers at defendants' store, that at best there has been only a partial use or imitation of plaintiff's mark by defendants, and that it is not calculated to deceive anyone.

In my opinion, the plaintiff's trademark "Coro" for costume jewelry is infringed by the use of the word "Caro" by defendants in their corporate name, in their advertising, and on the signs over and in their jewelry store. In the store they sell genuine jewelry and also costume jewelry made by manufacturers who compete nationally with the plaintiff. The infringement was not just technical or innocent on the part of the defendants.

That there is a close similarity both in sound and appearance between the word "Coro" and "Caro" is apparent. Further, the business of selling genuine jewelry and that of selling costume jewelry at retail are closely related; and, as in the case of the defendants, may both be carried on by jewelers in separate departments in the same store or place of business. Although plaintiff was not able to show any actual confusion of prospective purchasers in this case, nor any attempt by the defendants to palm off the costume jewelry of other manufacturers as that of the plaintiff, nevertheless the plaintiff as the owner of the trademarks with the word "Coro" is entitled to have them protected by an injunction against what appears to be a clear and intentional infringement, by a mark that is strikingly similar. By its very nature, coupled with the surrounding circumstances, defendants' use of the word "Caro" is likely to deceive or confuse the ordinary retail purchaser, who would be more likely to be familiar with plaintiff's advertising of its mark "Coro" in magazines and newspapers than with the word "Caro" as translated in an Italian dictionary. Caro, in English, is an abbreviation of the name Caroline, according to Webster's Dictionary.

The case of Pure Foods v. Minute Maid Corp., 5 Cir., 214 F.2d 792, supports the principle that if there is proof of a likelihood of confusion or mistake on the part of the purchasing public as to the origin of costume jewelry sold by the defendants, resulting from defendants' use of an infringing mark, which is a colorable imitation of plaintiff's registered mark, and the likelihood of damage even though no actual damage is shown, that is sufficient for the issuance of an injunction under the Lanham Act, 15 U.S.C.A. §§ 1051 et seq., 1114(1). And if bad faith is shown, an injunction will issue even though the businesses of the litigants are not in competition. An infringer will be presumed to have accomplished the purpose he intended when he copied part of the complainant's trademark. El Chico, Inc. v. El Chico Cafe, 5 Cir., 214 F.2d 721, at pages 725–726.

Proof of actual deception or confusion of prospective purchasers need not be shown if there is a showing of likelihood of confusion of a defendant's infringing mark with plaintiff's registered trademark, because of the similarity of the names. George W. Luft Co. v. Zande Cosmetic Co., 2 Cir., 142 F.2d 536;

United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 111 F.2d 997, at page 1000. Similarity of sound, or of appearance of words or letters, may constitute infringement of a trademark. Esso, Inc., v. Standard Oil Co., 8 Cir., 98 F.2d 1; La-Touraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115, and cases cited on page 117[6].

The common law of unfair competition as interpreted and applied by the Supreme Court of Mississippi in Cockrell v. Davis, 198 Miss. 660, 23 So. 2d 256, entitles plaintiff to injunctive relief, under the second cause of action. The opinion of Judge Smith in the Cockrell case contains numerous citations of authorities, which need not be repeated here. Nor could anything be added to his scholarly discussion of the legal principles involved. The doctrine and holdings of that case have not been modified or withdrawn by that Court's later opinion (by the same Judge) in McKay v. Legler, Miss., 36 So.2d 793.

On the facts set forth in the Court's findings of fact herein, the plaintiff is entitled to a judgment and decree embodying the injunctive relief described in the Court's conclusions of law.