SARAH HOLTSBERG, *et al.*, v. BRIAN K. MCCARTY, as Executor.

158 So. 123.
Opinion Filed December 6, 1934.
Petition for Rehearing Denied December 27, 1934.

*Nottingham & Denison,* for Appellants;
*Alto Adams* and *Dewey Crawford,* for Appellee.

PER CURIAM.—Upon motion filed by appellee to dismiss the appeal in this case as frivolous, this Court entered an order that action on the motion to dismiss be postponed until after the briefs were all filed in order that the Court might have the benefit of appellants' arguments in support of the propriety of the appeal, as against appellee's motion.

It does not appear that the questions raised and argued are so unfounded and lacking in probable merit that it can be inferred therefrom that the appeal was taken as a frivolous appeal or solely for the purpose of delay. Therefore the motion to dismiss the appeal as frivolous is denied.

The Court has perceived, however, from an inspection of the transcript in the light of the briefs filed by appellants, that this was an ordinary mortgage foreclosure proceeding wherein the Chancellor has properly entered a decree for complainant on bill, answer and testimony taken and reported to the Court showing the existence of an unpaid debt and the fact that a mortgage had been given to secure its payment and not thereafter paid by the mortgagor. The decree as entered has substantial support in the transcript and no harmful errors of procedure appear to have been committed. Under the circumstances it would subserve no useful purpose to retain the case on the docket for re-examination of the record or for further consideration, so following the practice of this Court heretofore followed in the cases of Roberts Bros. v. Langford, 99 Fla. 1268, 128 Sou. Rep. 810; Green v. Cook, 102 Fla. 837, 136 Sou. Rep. 454, and kindred cases recently decided by this Court, the decree appealed from will be affirmed at this time to finally

dispose of the case and avoid the necessity of a re-examination and reconsideration of this same record at some future date that can only lead to an affirmance.

Motion to dismiss denied. Decree affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.