GEORGE L. PEACOCK, as Mayor of the City of South Miami, *et al.,* v. State, *ex rel.* AMERICAN MORTGAGE AND FINANCE COMPANY.

164 So. 680.

Opinion Filed December 14, 1935.

*John C. Sullivan* and *John J. Lindsey,* for Plaintiffs in Error;

*Charles A. Morehead,* for Defendant in Error.

DAVIS, J.—This was a mandamus proceeding brought in aid of a judgment at law recovered by the defendant in error against the City of South Miami, Florida. From the award of a peremptory writ of mandamus the city has sued out this writ of error. The case is now being considered by this Court on defendant in error's motion to dismiss the appellate proceedings as frivolous and sued out merely for delay. Section 4639 C. G. L., 2920 R. G. S. Upon consideration of the motion we have concluded to apply the rule laid down in Holtsberg v. McCarty, 117 Fla. 554, 158 Sou. Rep. 123, wherein it was held that where the transcript supports the judgment appealed from and no harmful errors appear, the Supreme Court, in disposing of a motion to dismiss an appeal as frivolous, will affirm the judgment without retaining the case on the docket for re-examination on its merits at a later date.

An inspection of the transcript and written arguments submitted in the briefs discloses that every material point in controversy between the parties has been heretofore adjudicated against the contentions of plaintiffs in error in the prior decisions of this Court in Duboise Const. Co. v. City of South Miami, 108 Fla. 362, 146 Sou. Rep. 833; City of South Miami v. Dubois Const. Co., 115 Fla. 619, 155 Sou. Rep. 795.

That mandamus lies to compel a municipal corporation to make provision for paying judgments duly rendered against it scarcely admits of serious argument *contra.* The record in this case shows that the judgment herein appealed

from is from a final judgment awarding a peremptory writ of mandamus to enforce the judgment heretofore rendered against the City of South Miami and thereafter duly affirmed by this Court. Errors, if any, committed by the court below, in the procedural aspects of the mandamus proceeding are shown to be harmless and therefore not ground for reversal of the present judgment which is merely a step in the ultimate enforcement of a valid demand against the plaintiff in error heretofore duly put in issue, fully tried and definitely adjudicated by the courts as an enforceable liability for the payment of the sum of money now required to be appropriated by the city and paid over in satisfaction of the judgment rendered against it.

The judgment is accordingly affirmed with leave to defendant in error to so reframe the commands of the writ as to make it capable of being executed after the mandate of this Court in this case shall be lodged in the court below, the costs of this appellate proceeding to be taxed against the plaintiffs in error.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.