GEORGE ATKINS, as Superintendent of Public Instruction of Calhoun County, and *ex officio* Secretary of said Board, v. STATE OF FLORIDA, *ex rel.* JOSSIE SHELTON, *et vir.*

187 So. 363.
Division B.
Opinion Filed March 7, 1939.

*J. Velma Keen* and *A. Frank O'Kelley, Jr.,* for Plaintiff in Error;

No appearance for Defendant in Error.

PER CURIAM.—This writ of error is taken to the judgment of the Court that peremptory writ of mandamus issue, notwithstanding the return of respondent.

Relator, Jessie Shelton, joined by her husband, C. W. Shelton, filed, in the Circuit Court of Calhoun County, her petition for an alternative writ of mandamus, praying that George Atkins, as Superintendent of Public Instruction of Calhoun County, and *ex-officio* Secretary of the Board of Public Instruction be commanded to forthwith sign and attest Warrant number 717, drawn in relator's favor.

The petition alleged in substance that on October 7, 1932, relator obtained judgment against the Board of Public Instruction of Calhoun County; that on June 18, 1938, the Circuit Court of Calhoun County issued a peremptory writ of mandamus requiring Ralph Edwards, as Chairman, and H. M. Nichols and C. R. Weston, as members of and constituting the Board of Public Instruction of Calhoun County to pay relator 50% of the amount due for principal and interest, together with costs, on said judgment; that pursuant to said writ of mandamus, the Board of Public Instruction met, on June 18, 1938, and on motion duly made, seconded and passed, it was ordered that $910.40, (50% of the amount due on said judgment) be paid, and thereupon School Warrant No. 717 of Calhoun County, drawn on the Bank of Blountstown was drawn and signed by Ralph Edwards, Chairman of the Board; that it then became the lawful duty of George Atkins, Superintendent of Public

Instruction of Calhoun County, and *ex officio* Secretary of the Board, to sign and attest said Warrant and deliver same to relator, but notwithstanding such lawful duty said respondent fails and refuses so to do.

On June 24, 1938, alternative writ of mandamus was issued, made returnable the following day at 10:30 A. M., commanding respondent to forthwith sign and attest said Warrant, drawn as aforesaid, and deliver the same to relator, her agent or attorney, or show cause why he fails so to do.

What is styled in the record as order of the court, but which both parties have treated as the final judgment in the case, contains a history of the proceedings in the case had on June 25, 1938. It is as follows:

"WHEREAS, the Alternative Writ of Mandamus herein being returnable at 10:30 A. M. this day, the Relator at that time asked the Court for leave to amend the Alternative Writ of Mandamus, thereupon Respondent filed a Motion to Quash the Alternative Writ of Mandamus.

"THEREUPON, UPON CONSIDERATION THEREOF, it is ordered, adjudged and decreed that the Motion to Quash the Alternative Writ of Mandamus be, and it is hereby, granted, with leave to Relator to amend the Alternative Writ of Mandamus instanter and with leave to Respondent to plead further by 6:00 P. M. this day; and

"WHEREAS, at the last mentioned time and date Respondent asked that the Motion to Quash the Alternative Writ of Mandamus be extended to apply to the Alternative Writ of Mandamus, as amended, and thereupon, after argument of counsel, the Motion to Quash was denied by order entered on this day with directions to Respondent to file an answer or return at 8:00 P. M. this day, and whereas counsel for Respondent orally moved the Court for an order allowing several days in which to plead further and vigor

ously insisted that justice requires that Respondent have a reasonable time to investigate the facts of the case and in order to prepare a proper return in the premises.

"THEREUPON, UPON CONSIDERATION THEREOF, it is ordered, adjudged and decreed that the Motion be, and it is hereby denied; and

"WHEREAS, pursuant to this order the return of the Respondent was filed at 8:00 P. M. this day and thereupon Relator filed a Motion for A Peremptory Writ of Mandamus Notwithstanding the Return, and counsel for Respondent orally moved the Court for an order requiring Relator to fix a date for hearing such motion and requiring Relator to give counsel for Respondent at least five days' notice thereof or at the least a reasonable notice, counsel for Respondent vigorously insisting upon a right to have reasonable opportunity to prepare for such hearing.

"THEREUPON, UPON CONSIDERATION THEREOF, it is hereby ordered, adjudged and decreed that the motion be, and it is hereby, denied for the reason that the Court is familiar with the law involved in the case and finds that a further hearing and argument is unnecessary.

"WHEREUPON, the Court granted the Motion for a Peremptory Writ of Mandamus Notwithstanding the Return of the Respondent.

"DONE AND ORDERED in Chambers at Marianna, Florida, this 25th day of June, A. D. 1938.

"E. C. WELCH,
"Circuit Judge."

It is contended that the Court erred in requiring respondent to file his answer or return to the amended alternative writ of mandamus within two hours after the motion to quash said writ had been denied.

Respondent properly raised this question below by a

motion asking for additional time in which to file an answer or return. It is argued in the brief of plaintiff-in-error that because of the haste in the proceedings in the court below, counsel for respondent was not allowed sufficient time to investigate the facts necessary to a proper defense of the cause; that the alternative writ of mandamus failed to set forth (1) the nature of relator's judgment against the Board of Public Instruction, in payment of which relator seeks to require respondent to sign and deliver said warrant, (2) the fund out of which said warrant would be payable, (3) that there is any money in the hands of the Board of Public Instruction out of which the warrant may be paid, (4) that the warrant has been delivered to respondent or that he could obtain it on demand, and consequently it was impossible for relator to investigate the facts and set them up either affirmatively or negatively in his answer or return.

It is also contended that the court erred in granting relator's motion for a peremptory writ of mandamus notwithstanding the return, without allowing counsel for respondent an opportunity to be heard, with five days' notice or a reasonable notice of such hearing.

This matter was properly presented below by counsel for respondent orally requesting of the court five days' notice or a reasonable notice of the hearing, and allowing counsel to be heard in opposition to the motion for peremptory writ of mandamus notwithstanding the return.

The whole history of the case took place in the space of just two days. The filing of the petition, issuance of the alternative writ of mandamus, the motion to quash, the order of the court granting the motion with leave to amend the alternative writ, the amendment of the alternative writ, the motion to quash the amended alternative writ, the denial of this motion, with leave of two hours time in which to

file an answer or return, the motion for additional time to file answer or return, the filing of the return hastily drawn, the motion for peremptory writ of mandamus notwithstanding the return the oral motion asking for additional time in which to be heard in opposition to said motion, and the final judgment, were all events that transpired in the case within the two days' time. The proceedings were extended even into the night time beyond 8:00 P. M. on Saturday night, June 25, 1938. The proceedings were had in Marianna, in Jackson County, whereas the litigation concerned Calhoun County, and counsel for respondent would have to gather his facts from the records in the County Court House in Calhoun County.

Rule 86 of the Circuit Courts in Law Actions provides that the Circuit Court in writs of mandamus "will prescribe the time for the return of process and the filing of the pleadings in each case as it arises. In the *exercise* of this *discretion* the court will have *due regard* for the *rights* of the *parties,* and will regulate the practice so as to secure as speedy a determination of the cause as is justified by the circumstances of each case." (emphasis supplied). This Rule contemplates that the judicial discretion exercised in each case will have *due regard* for the *rights* of the *parties.*

"The time for filing a return to an alternative writ or for answering the pleading that has in some states been substituted for the alternative writ is generally fixed by the court in its discretion, but this contemplates that a *reasonable time* will be allowed." (emphasis supplied). 38 C. J. 885.

Without going into the merits of the case, we may say that the court, in terminating the controversy in such unwarranted haste, in the face of the requests of counsel for respondent that further time be allowed in the two particulars requested, did not exercise a reasonable judicial

discretion. The haste with which the case was disposed of amounted to a denial of due process of law because respondent was not allowed sufficient time in which to adequately prepare his defense.

Therefore, we think the final judgment below should be and it is hereby reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., and THOMAS, J., concur in the opinion and judgment.

BUFORD, J., dissents.