BARKDULL, Chief Judge.
The State Road Department appeals a post-final judgment order requiring it to issue the necessary authorizations to the State Treasurer, in order to pay a judgment rendered in ah “inverse eminent domain” suit, when the State Road Department had caused the ’ appellee’s' property improvements to be taken without compensation contrary to Fla.Const., Declaration of Rights,' § 12, F.S.A. No appeal was taken. *235 from the final judgment, and the time has now expired to seek appellate review of same.
The State contends that the trial judge was without the power to require the State Road Department to pay its just obligations, through its duly authorized agents, even though its chairman testified that there were funds available. We do not agree and affirm, either because of the inherent power of a trial court to enforce collection of its judgments [see: Florida Guaranteed Securities, Inc. v. McAllister, S.D.Fla.1931, 47 F.2d 762; 19 Fla.Jur., Judgments and Decrees, § 537; 30A Am.Jur., Judgments, § 910] or under the reasoning of the Supreme Court of Florida, as pronounced by the late Mr. Justice Terrell in State Road Department v. Tharp, 1941, 146 Fla. 745, 1 So.2d 868, wherein, in holding the State Road Department liable for a taking without compensation, he stated the following:
»|s H* »!»
" * * * It is one of the first duties of constitutional government to protect, and where the sovereign has a right to condemn for public use, it will not be permitted to appropriate except by orderly processes. The current of the law on this point will not lead to any other conclusion.
“Supporting this thesis, Section 12 of the Declaration of Rights provides that no person shall be deprived of his property without just compensation and Section 29 of Article 16 of the Constitution contains a similar specification with reference to corporations and individuals for the preservation of property rights. The latter provision is mandatory that the compensation be made before the property is appropriated.
******
« * * * But even if on any theory this could be construed as a traditional suit against the State, the damage constituted an implied contract to pay and would be covered by Chapter 15022, Acts of 1931, authorizing suits on contract against the State Road Department. The statute and the Constitution chart a course in cases like this as evident as the rouge on a flapper’s face, so it is no answer to contend that dire consequences will follow if the clear mandate of the law is not ignored.
“There is no theory in right and justice why the judgment below should not be affirmed. In the administration of constitutional guaranties, the State cannot afford to be other than square and generous. To deprive the citizen of his property by other than legal processes and depend on escape from the consequences under cover of the plea of nonsuability of the State is too anomalous and out of step with the spirit and letter of the law to claim protection under the Constitution. * * * ”
******
If the Legislature gave to the public the right to sue the State Road Department by the statute set forth in the last quoted portion of Justice Terrell’s opinion [which was the predecessor of the present § 337.19, Fla.Stat., F.S.A.], this certainly was not a hollow right. If a citizen recovers a judgment certainly a trial court is possessed of the power to enforce collection of that judgment from an agency of the State Government which has funds available to satisfy same. Therefore, the action of the trial judge be and the same is hereby affirmed.
Affirmed.