PER CURIAM.
The appellant, Southern Realty & Utilities Corporation, a Delaware corporation doing business in Florida, was the defendant below.. The plaintiffs (appellees) were stockholders in the defendant corporation.
The appellant appeals from the entry of a peremptory writ of mandamus directing it to produce certain books and records and to permit attorneys and accountants for the plaintiffs to examine them and make extracts therefrom.
It appears that the plaintiffs purchased stock in the appellant corporation some five years before the suit was filed. The corporation sustained substantial losses and the value of its stock had declined. In 1964 the plaintiffs were sent a prospectus by Royal American Industries, Inc., a large stockholder in the appellant corporation, which desired to merge with the appellant. This prospectus partially described certain money losing transactions o-f the appellant. The plaintiffs wrote to the appellant corporation, asking numerous questions concerning these transactions. The corporation’s vice-president replied to the inquiry, declining to provide answers to the questions, because to do so would require an amendment to the prospectus which had already been included in a registration statement filed pursuant to the Securities Act of 1933.
*553 The appellant corporation continued to refuse to answer the questions on the ground that the plaintiffs had used the prospectus as a “cover” for their real intentions which were improper and in bad faith. The plaintiffs then filed a petition for writ of mandamus and prayed for access to some thirty-one different types-of books and records of the appellant corporation, in order to determine whether the affairs of the corporation had been managed in the best interest of all stockholders and whether or not the corporation had a cause of action for misappropriation of corporate assets and corporate opportunities.
On the strength of this petition, the trial court on December 28, 1964 issued an alternative writ of mandamus, returnable on January 28, 1965 at 2:30 P.M. Om. January 27, 1965, one day prior to the return date, appellant filed and served upon the plaintiffs a motion to quash, strike, dismiss and transfer the cause. The motion to quash sought, inter alia, to attack the service of process of the alternative writ purportedly served on the day following the issuance. On January 28, 1965, two and one-half hours prior to the return date, the plaintiffs again attempted to obtain service of process on the appellant. At the hearing the court granted the motion to quash the service of process on December 29, 1964 as to all defendants, and held that the service on January 28, 1965, the day of the hearing, was valid as to the defendant corporation only and continued the hearing until the next day.
At the hearing the next day, Friday, January 29, 1965, the appellant objected to the hearing on the ground that notice was unduly short so as to deprive them of due process of law, and asked for at least ten days within which to respond to the writ. Thereupon the judge denied the appellant’s motion to quash the writ and set the hearing for the following Monday, February 1, 1965, instructing counsel to have his response filed by that date and to be ready to proceed on the merits. At Monday’s hearing, the appellant again filed and argued motions to quash service, to dismiss, strike and quash the alternative writ, all of which were subsequently denied. A hearing was again continued to the following day to allow the appellant’s counsel to take depositions. Following a hearing the next afternoon, February 2, 1965, the court announced orally that it would issue the peremptory writ of mandamus. The writ was so issued on February 3, 1965.
We feel that this case is governed by Atkins v. State ex rel. Shelton, 1939, 136 Fla. 596, 187 So. 363, wherein the Supreme Court of Florida reversed the trial court for issuing a writ of mandamus in two days, and stated:
5^ V 5^ *j¡ ¡|í
“Without going into the merits of the case, we may say that the court, in terminating the controversy in such unwarranted haste, in the face of the requests of counsel for respondent that further time be allowed in the two-particulars requested, did not exercise a reasonable judicial discretion. The haste with which the case was disposed of amounted to a denial of due process of law because respondent was not allowed sufficient time in which to adequately prepare his defense.”
% ■*. % 4?
We believe that the same reasoning applies herein. It appears from the record that the appellant corporation was first validly served with process in this cause on January 28, 1965. The alternative writ served on the appellant at 12:00 noon January 28, 1965 was returnable two and one-half hours later at 2:30 P.M. The hearing on the 28th was continued until January 29th, a Friday, at which time the defendant was granted only the weekend, or until Monday, February 1, 1965, to file its return. On February 2, 1965 the court ruled it would issue the peremptory writ, which it did issue on February 3, 1965. The law requires that a reasonable time be *554 given to file a return to an alternative writ of mandamus, and we do not believe that the appellant herein was given a reasonable time in which to prepare its defenses and file its return.
We therefore reverse the final judgment and vacate the peremptory writ of mandamus, and remand the cause for further proceedings not inconsistent herewith.
Reversed and remanded.