PIERCE, Acting Chief Judge.
The only question raised by the Burtons, appellants, on this appeal is whether the trial Court erred in entering judgment in favor of Mrs. Walker, appellee, without first affording the Burtons an opportunity to present their case.
Mrs. Walker filed a petition for writ of habeas corpus in the lower Court seeking to obtain custody of her three-year old child born out of wedlock. She alleged that she placed the child in the custody of the Burtons on a tentative arrangement with the understanding that she could take the child back into her custody on simple demand; that she had made demand and the child was being unlawfully restrained by the respondents; and that it was in the best interest of the child that she be returned to Mrs. Walker, the mother.
The Burtons filed their return in which it was alleged that Alfonso Burton is the father of the child; that petitioner had abandoned the child with Alfonso; and that it would be to the best interest of the child that it remain with Alfonso and his parents.
Hearing was held in the matter on December 10, 1968, and Mrs. Walker called Alfonso Burton as an adverse witness. She and her husband also testified. At the close of Mrs. Walker’s case, the trial Judge announced that he would have an investigation made by the local welfare department and by the welfare department in Pennsylvania where Mrs. Walker and her husband were living, which would take two or three months.
The Burtons’ attorney stated that he proposed to show that the mother categorically abandoned the child and that he would present testimony as to the environment the child had lived in with the Bur-tons. The Chancellor said that it was too late that evening, and after discussion, stated: “All right, gentlemen, get a date for the taking of further testimony.”
No further testimony was taken, and approximately four months later on April IS, 1969, judgment was entered granting custody of the child to Mrs. Walker.
The Burtons’ attorney filed an affidavit, the pertinent portion of which is:
“2. That after the conclusion of the Hearing held herein on December 10, 1968, in a discussion among affiant, opposing counsel and the Court, it was agreed that, upon receipt by the Court of the Pennsylvania Welfare Report, the Court would set a time and date for the taking of additional testimony in the captioned cause to allow Respondents to be heard and would advise counsel thereof.
3. That the next word received by af-fiant was that the Court had entered Final Judgment in favor of Petitioner.”
The record before us does not reflect whether the reports of the State Welfare Departments were filed in evidence or considered by the trial Judge. See McGuire v. McGuire, Fla.App., 140 So.2d 3S4.
The essential elements of due process of law are notice, an opportunity to be heard, and an opportunity to defend in an orderly proceeding before a tribunal having jurisdiction of the cause. State ex rel. Munch v. Davis, 1940, 143 Fla. 236, 196 So. 491; Atkins v. State, 1939, 136 Fla. S96, 187 So. 363; Southern Realty & Utilities Corporation v. State ex rel. Goldner, Fla.App. 1966, 181 So.2d 552; State ex rel. *22 Gore v. Chillingworth, Fla.1936, 126 Fla. 645, 171 So. 649; Dykes v. Dykes, Fla. App. 1958, 104 So.2d 598; State ex rel. Schonberger v. Kelly, Fla.App. 1962, 143 So.2d 329; Anderson Nat. Bank v. Luck-ett, 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692; Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; 6 Fla.Jur., Constitutional Law, §§ 320-323, 326; 16 Am.Jur.2d, Constitutional Law, §§ 569, 572.
In the case sub judice appellants were not afforded an opportunity to be heard • before judgment was rendered against them. Therefore the hearing did not afford full due process of law to the Burtons.
The final judgment is reversed and the cause remanded for further proceedings.
Reversed.
McNULTY, J., concurs.
MANN, J., dissents with opinion.