PEARSON, Judge.
This appeal by the City of Miami Beach presents a question as to the validity of a judgment against the City. Essentially the point raised is one of procedure. It arose in the following manner: (1) A judgment for attorney’s fees supplemental to a proceeding in eminent domain was entered in favor of the appellees against the City. (2) The City appealed judgment without supersedeas bond. (3) The judgment was affirmed. (4) Appellees demanded interest on the judgment from the date of the judgment to the proposed payment thereof. (5) Appellant tendered the amount of the judgment and the payment was accepted. (6) Appellees filed in the completed eminent domain proceeding a motion “to determine liability of petitioner for interest on judgment for attorney’s fees and costs.” (7) The “motion to determine” was heard over the objection of the City that the procedure was improper. (8) The trial judge entered an additional judgment in the cause for the amount of interest that he determined was due on the original judgment for attorney’s fees.
We hold that the trial judge was without authority to enter a second judgment in the cause upon appellees’ motion “to determine liability.” After the appeal of a judgment and its affirmance by an appellate court, the trial court is without authority to take any further action in the cause other than to carry out the mandate of the appellate court. Berger v. Leposky, Fla.1958, 103 So.2d 628; Klein v. Newburger, Loeb & Co., Fla.App.1963, 153 So.2d 344; King v. L & L Investors, Inc., Fla.App.1962, 136 So.2d 671. It may not amend such a judgment.[1] Eisenburg v. Cornblum, 156 Fla. 702, 24 So.2d 236 (1945).
 As pointed out by the appellees, the court always has jurisdiction to supervise the enforcement of its own judgments. Cf. Superior Uniforms, Inc. v. Brown, Fla. *717 App.1969, 221 So.2d 214. This power is limited to lawful means of enforcement and upon a common law judgment the lawful method is execution and proceedings supplemental to execution. In the case of a judgment against a City, a petition for writ of mandamus may be employed. Peacock v. State ex rel. American Mortgage & Finance Co., 122 Fla. 25, 164 So. 680 (1935).
The judgment appealed is reversed.
Reversed.

. There is no claim or ground alleged under RCP 1.540.