ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of appeal, Third District (City of Miami Beach v. Cummings, 251 So.2d 715), which allegedly conflicts with a decision of the District Court of Appeal, Fourth District (Coggan v. Coggan, 183 So.2d 839) on the same point of law. Fla.Const., art. V, § 4, F.S.A.
The facts are stated by the District Court of Appeal, as follows:
“Essentially the point raised is one of procedure. It arose in the following manner: (1) A judgment for attorney’s fees supplemental to a proceeding in eminent domain was entered in favor of the appellees against the City. (2) The City appealed judgment without supersedeas bond. (3) The judgment was affirmed. (4) Appellees demanded interest on the judgment from the date of the judgment to the proposed payment thereof. (5) Appellant tendered the amount of the judgment and the payment was accepted. (6) Appellees filed in the completed eminent domain proceeding a motion ‘to determine liability of petitioner for interest on judgment for attorney’s fees and costs.’ (7) The ‘motion to determine’ was heard over the objection of the City that the procedure was improper. (8) The trial judge entered an additional judgment in the cause for the amount of interest that he determined was due on the original judgment for attorney’s fees.” (Emphasis supplied) (City of Miami Beach v. Cummings, 251 So.2d 715, p. 716.)
The District Court of Appeal then held as follows:
“We hold that the trial judge was without authority to enter a second judgment in the cause upon appellees’ motion ‘to determine liability.’ After the appeal of a judgment and its affirmance by an appellate court, the trial court is without authority to take any further action in the cause other than to carry out the mandate of the appellate court.” (p. 716)
The District Court of Appeal then pointed out that the proper method of enforcing a judgment against a City is by a petition for writ of mandamus.
Coggan v. Coggan, supra, involved an award of attorneys’ fees in divorce proceeding. After the order allowing attorneys’ fees was entered, a subsequent judgment was entered against defendant for interest on the attorneys’ fees. Fla.Stat. § 55.03, F.S.A., provides that all judgments bear interest at the rate of six per cent per annum. In discussing this statute, the District Court of Appeal in Coggan v. Coggan, supra, said:
“Since the chancellor had already entered a decree awarding attorneys’ fees, *573 it automatically carried interest at six per cent per annum and his subsequent order to that effect was mere surplusage. ... in substance the order is nothing more than a declaration that statutory interest on the original award had accumulated to that date in the sum mentioned. As it is substance and not form that controls, the order does not constitute an independent judgment which would bear the statutory interest.” (183 So.2d p. 841)
The District Court of Appeal in the case sub judice merely held that a subsequent judgment for interest was improper and referred to Peacock v. State ex rel. American Mortgage & Finance Corporation, 122 Fla. 25, 164 So. 680 (1935), which held that a petition for writ of mandamus may be employed to enforce a judgment against a City.
The question of whether interest on attorneys’ fees should be allowed is not before us, nor are we confronted with the problem of accord and satisfaction. See 1 C.J. S. Accord and Satisfaction § 29a (3).
The District Court of Appeal in the case sub judice was confronted with a procedural problem and there is no conflict between its decision and that of the Coggan v. Cog-gan decision, supra.
Nor is there any conflict between the decision of the District Court of Appeal in the case sub judice and our recent decision in Roberts v. Askew, Fla., 260 So.2d 492, opinion filed March 29, 1972, where we held that costs may be adjudicated after final judgment, after the expiration of the appeal period, during the pendency of an appeal, and even after the appeal has been concluded.
There being no conflict, the writ of cer-tiorari previously issued is hereby discharged.
It is so ordered.
ROBERTS, C. J., and ERVIN, BOYD and McCAIN, JJ., concur.