PER CURIAM.
955 N.E. 125th Street Corporation, the defendant in a mortgage foreclosure action, brings this appeal from a fee award to the mortgage foreclosure receiver and the receiver’s attorney.
In the mortgage foreclosure action, the appointed receiver resigned and appellee Arthur H. Patton, Jr., was appointed in his place. Patton, in turn, retained counsel with the court’s approval. The court held a hearing and, based upon the receiver’s report, entered an order which, among other things, directed the receiver to take appropriate legal action to collect past due rents, to evict nonpaying tenants or to initiate distress actions for rent.
On July 9, 1976, an application was made to the court for an Order to Show Cause why the two largest non-paying tenants should not be removed from the premises. A hearing date of July 19th was set for the disposition of this matter. At that hearing, the appellant’s trial attorney announced that he had received a commitment for a new mortgage on the building and that the purpose of the hearing was, therefore, unnecessary. Thereupon, the court continued the hearing until July 26th. At the hearing on July 26th, appellant’s counsel again stated that the closing would take place very soon thereby rendering the purpose for the hearing moot, and the trial court ordered another continuance until July 29th. The court also stated that if the closing had occurred by the 29th, then it would hold a hearing upon the “. . . reasonableness, necessity, and the amount of a reasonable receiver’s and counsel’s fee for receiver.”
The closing took place on July 28th, and the previous day (July 27th) a motion by the appellant for the continuance of the attorney’s fee hearing was hand-delivered to the receiver’s attorney. At the July 29th hearing, the continuance motion was argued and was denied. The receiver’s attorney pointed out that the fee question had arisen as early as July 16th, some thirteen days before, and that both the receiver and his attorney had at all times been available for deposition during this period. The appellant’s position was that it was being denied due process of law because there had been inadequate opportunity for discovery *760 on the fee question. The court, however, proceeded to take testimony and determined that reasonable fees for the services of the receiver and attorney would be $9,500 and $8,000 respectively. The appellant, at this time, offered no evidence, no witnesses, and did not fully cross-examine, but relied upon its due process claim of inadequacy of opportunity to depose the receiver and attorney.
At this time, the court also granted the receiver’s motion to copy all books and records in the receiver’s possession because of the threat of contemplated litigation by one of the defendant’s officers against the receiver and his attorney. The court went on to require the appellant to post $1,000 for the cost of copying the books and records concerned. Finally, the court denied the motion of the appellant requesting the court to allow the $20,000 that the appellant had posted in the court’s registry pursuant to court order to stand as supersedeas for purposes of appeal.
The appellant has presented three points on appeal, the most important one of which is based upon an alleged deprivation of procedural due process in the trial court’s denial of the appellant’s motion for continuance and the awarding of receiver’s and attorney’s fees.
Although the record reflects that the appellant was informed of the availability of the receiver and his attorney for deposition some ten to thirteen days prior to the July 29th hearing, the record also reflects that the schedules and logs containing the time devoted by the receiver and his attorney to the foreclosure action were not prepared or offered to the appellant until just prior to the July 29th hearing. This lack of adequate opportunity prior to the hearing to review the logs and schedules constitutes the main thrust of appellant’s due process claim.
Upon review of the record and the particular facts of this case, we find ourselves in accord with the appellant’s position, and we agree that a hearing or opportunity to be heard must be such as is practicable and reasonable in the particular case, must be full and fair and not merely colorable or illusory. See the principle of law in Tomayko v. Thomas, 143 So.2d 227, 230 (Fla.3d DCA 1962); and cf. Atkins v. State, 136 Fla. 596, 187 So. 363 (1939); State ex rel. Paoli v. Baldwin, 159 Fla. 165, 31 So.2d 627 (1947); Dykes v. Dykes, 104 So.2d 598 (Fla.3d DCA 1958); and Southern Realty & Utilities Corporation v. State, 181 So.2d 552 (Fla.3d DCA 1966).
Hearings to determine receiver’s and attorney’s fees should command sufficient gravity to require that all parties be afforded a full opportunity to prepare and be heard and such hearings should not be reduced to profunctory proceedings. See Lewis v. Gramil, 94 So.2d 174 (Fla. 1957).
The amount of these fees, assessed as a part of the cost of court processes, is a matter of great importance to litigants and to the public generally. Such proceedings, therefore, should not only be clearly regular, but also should be sufficiently open and deliberate so as to refute any appearance of unfairness.
In this case, based upon the particular facts and above cited principles of law, we hold that it was error to proceed with the hearing on the application for fees because (a) the receiver’s schedules and logs were not made available to the appellant until very shortly before the fees hearing; (b) therefore, the time for preparation, in this respect, was too short; and (c) the payment of the fees was adequately secured by the appellant through the $20,000 deposit in the registry of the court,- which removed any necessity or need for haste.
In their brief and at oral argument, the appellees have acknowledged that the portion of the July 29th order requiring the appellant to post $1,000 for the cost of copying the books and records of the receiver was, in fact, unnecessary. The appellees represent that the $1,000 has not been used and will be returned to the appellant. We, therefore, reverse that portion of the order without discussing the merits thereof.
*761 The order denying appellant’s motion for continuance is reversed, as is the order setting the receiver’s and attorney’s fees. The cause is remanded with directions to set a new date for a hearing on the motions for fees. The date set should be such that a reasonable time is allowed to the appellant for discovery and the presentation of such evidence as it may so determine.
Upon the holding that the amount of the fees must be determined at the hearing here directed, we expressly decline to consider at this time appellant’s second point claiming that the fees allowed were excessive.
Reversed and remanded for further proceedings in accordance with the views herein expressed.