PEARSON, Judge.
Metropolitan Dade County appeals a final judgment in mandamus which held that immunity conferred upon the appellee (petitioner in the trial court) by the State Attorney’s office included a pending personnel appeal by petitioner so that the petitioner, an employee of the County, must be reinstated. We affirm.
The trial judge summarized the facts as follows:
“1. The Petitioner, prior to the action complained of, was a permanent employee of the Respondent, METROPOLITAN DADE COUNTY, with the job classification of Architect II.
“2. The Respondent, METROPOLITAN DADE COUNTY, is a political subdivision of the State of Florida, and at all times material hereto was the employer of the Petitioner.
“3. On March 30th, 1978, the Petitioner, MOISES MANDELKERN, was terminated from his position as an Architect II, with Metropolitan Dade County for an alleged violation of Metropolitan Dade County Personnel Rules.
“4. In accordance with Section 2-47, of the Code of Metropolitan Dade County, the Petitioner herein, filed an appeal of his dismissal.
“5. On May 5th, 1978, the Petitioner, appeared pursuant to a subpoena in the office of the State Attorney of the Eleventh Judicial Circuit of Florida, pursuant to an investigation concerning the same matter for which the Petitioner was terminated from his employment with Metropolitan Dade County. The Petitioner at that time was afforded full immunity under Florida Statute, Section 914.04 by the State Attorney’s Office for testimony provided to them for their investigation.
“6. Subsequent to the aforementioned immunity afforded the Petitioner, the Petitioner through his counsel requested the Respondent, METROPOLITAN DADE COUNTY, to reinstate the Petitioner based upon the grant of immunity. The Respondent refused Petitioner’s request which resulted in the filing of a petition for writ of mandamus with this Court.”
*206 The County does not challenge these findings of fact except as finding “5” states: “ . . . pursuant to an investigation concerning the same matter for which petitioner was terminated from his employment with Metropolitan Dade County.” The County urges that the petitioner’s termination of employment was for incompetency and violation of an official regulation or order.[1] The County argues three points on appeal. First, it is urged that the grant of immunity did not apply to the termination because the immunity was granted after the employee was terminated. Second, it is urged that the termination was not the same transaction because the State Attorney’s investigation concerned possible violations of the criminal law, while the discharge concerned improper work. Third, it is claimed that the employee had waived his right to immunity with regard to his discharge because he had already discussed the grounds for his discharge with his supervisor and had replied in writing. We find no error and affirm.
The County relies upon the reasoning in Federal Trade Commission v. Gladstone, 450 F.2d 913 (5th Cir. 1971), which held that immunity granted under federal immunity statutes does not relate back to convictions obtained prior to granting immunity. We find the case inapplicable to the present situation where a notice of dismissal is not final.[2] Due process requires an opportunity to be heard. See Burton v. Walker, 231 So.2d 20 (Fla. 2d DCA 1970). Here, the process to effect the petitioner’s discharge had just started.[3] A letter of notice cannot properly be equated with a conviction.
The trial judge’s finding that the discharge and the State Attorney’s investigation concerned the same transaction is supported by the record. Many transactions have a civil and a criminal aspect. The actions of the petitioner were the same whether they are viewed as violations of the personnel rules or violations of law. As pointed out by the Supreme, Court of Florida in Ciravolo v. The Florida Bar, 361 So.2d 121 (Fla.1978), the Florida immunity statute[4] refers to immunization for more than criminal prosecution by referring to any “penalty or forfeiture.”
The County’s third point does not present error on this record. The petitioner was required to respond to the notice in order to secure a hearing. Discussion with a supervisor may not be called testimony in order to bring about a waiver. See the reasoning in McKown v. State, 54 So.2d 54, 56 (Fla.1951).
Affirmed.

. The notice of discharge stated in part:
“You have violated Metropolitan Dade County Florida Personnel Rules, Chapter VIII, Section 7, Articles:
A) That the employee is incompetent or inefficient in the performance of his duty.
D) That the employee has violated any lawful or official regulation or order, or failed to obey any lawful and reasonable direction given him by a supervisor, when such violation or failure to obey amounts to insubordination or serious breach of discipline which may reasonably be expected to result in lower morale in the organization or result in loss, inconvenience or injury to the County service or to the public”

. Section 2-47 of the Code of Metropolitan Dade County provides in part-

“In the event a properly requested hearing is not commenced timely, the dismissed employee shall be entitled to temporary reinstatement until such time as a hearing is commenced ... In the event the county manager does not reach a decision within (30) days of receipt of the hearing examiner’s recommendations, the dismissed employee shall be entitled to temporary reinstatement until such time as the decision by the county manager is reached.”

. See §§ 2-47 and 2-47.1 of the Code of Metropolitan Dade County, Florida.

. § 914.04, Fla.Stat. (1977).