378 So.2d 27 (1979)
Mary Lou Ragen MURPHY, Appellant,
v.
John S. MURPHY, Appellee.
No. 79-1781.
District Court of Appeal of Florida, Third District.
November 27, 1979.
Rehearing Denied January 8, 1980.
*28 R. Stuart Huff and John F. Lisk, Miami, for appellant.
Buchbinder & Elegant, Miami, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
SCHWARTZ, Judge.
Subsequent to the receipt in the circuit court of the mandate in Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979), the wife moved to supplement the money judgment against the husband which we affirmed so as to add the previously omitted words "for which let execution issue." The trial court denied the motion, apparently on the ground that it lacked jurisdiction merely because the husband had filed notice of his invocation of the certiorari jurisdiction of the supreme court, pursuant to Fla.R. App.P. 9.120(b). This was error.
While the lower court did no have power to enter the order while the case was pending in this court, see Veiner v. Veiner, 364 So.2d 834 (Fla. 3d DCA 1978), it reacquired jurisdiction over the cause upon the issuance of our mandate. See Meneses v. State, 372 So.2d 1152, 1154 (Fla. 3d DCA 1979); 3 Fla.Jur.2d Appellate Review § 31 (1978). No supersedeas bond had ever been posted in the case, and the husband neither applied for nor was granted a stay by this court pending the certiorari proceedings,[1] as authorized by Fla.R.App.P. 9.310.[2] Thus, the effect of the denial of the wife's motion to permit her to execute upon her judgment was to grant the husband a stay in the complete absence of any basis to do so. See Barnett v. Barnett Bank of Jacksonville, N.A., 338 So.2d 888 (Fla. 1st DCA 1976). At the time the motion was filed below, the wife was entitled to execution as a matter of right. See City of Miami Beach v. Cummings, 251 So.2d 715 (Fla. 3d DCA 1971), cert. discharged, 263 So.2d 571 (Fla. 1972); King v. L & L Investors, Inc., 136 So.2d 671 (Fla. 3d DCA 1962); Fla.R.Civ.P. 1.550(a).
For these reasons, the order under review is reversed and the cause remanded with directions to grant the motion to order execution on the judgment.
Reversed and remanded.
NOTES
[1] The automatic stay provided by former Fla. App. Rule 4.5(c)(6) when a petition for certiorari was filed within 15 days of a district court decision has been abolished by the new rules. See Committee Note to Fla.R.App.P. 9.120.
[2] Even if there had been a prior stay, which there was not, it would have terminated when the mandate issued under the express terms of Fla.R.App.P. 9.310(e).