SCHWARTZ, Chief Judge.
The 1978 final judgment of dissolution incorporated an agreement between the Scharfs which gave the appellant ex-wife a lifetime right to monthly alimony payments which survived the husband and was expressly made a lien upon his estate. After he died in 1982, the dissolution court, in order to preserve these rights, set up a trust into which a specified amount of estate assets were ordered[1] to be paid.[2] More than two years later, however, the *687 trust became required to make payments to the IRS, resulting in a potential deficiency in the amount available to discharge the obligation to Ms. Scharf. The ex-wife then moved to increase proportionately the amounts to be paid into the trust to make up for the shortfall. The trial court denied the motion and Ms. Scharf appeals.
Since Ms. Scharf did not seek to modify or increase any substantive obligation owed her by her ex-husband’s estate, compare Andrews v. Andrews, 409 So.2d 1135 (Fla. 2d DCA 1982) (increase in wife’s obligation to IRS not “change of circumstances” justifying increase in husband’s alimony obligation), it is apparent that, contrary to the ruling below, no “change of circumstance” or ground for relief under Fla.R.Civ.P. 1.540 was required. See Hoover v. Scott, 44 So.2d 657 (Fla.1950); City of Miami Beach v. Cummings, 251 So.2d 715 (Fla. 3d DCA 1971), cert. discharged, 263 So.2d 571 (Fla.1972). The application, like the 1982 order it sought to amend,[3] was instead merely one to enforce and effectuate the rights of the appellant as established by the original final judgment of dissolution. Hoover v. Scott, 44 So.2d 657; Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA 1966), cert. denied, 188 So.2d 820 (Fla.1966); City of Miami Beach v. Cummings, 251 So.2d 715. As we have said, the trial court “always has jurisdiction to supervise the enforcement of its own judgments.” City of Miami Beach v. Cummings, 251 So.2d at 716 [emphasis supplied].
For this reason, the order under review is reversed and the cause remanded with directions to consider the appellant’s motion on its merits.

. Although this order was styled a “final judgment,” it was itself in reality only a means of enforcing the dissolution judgment. The legal effect of an order “is determined not by what it is called, but by what it does." Boyd v. Boyd, 478 So.2d 356, 357 (Fla. 3d DCA 1985), review denied, 488 So.2d 67 (Fla.1986); Halpern v. Halpern, 436 So.2d 366 (Fla. 3d DCA 1983).

. Specifically, the order required the disbursal to the trust of a specified portion of the payments on a promissory note given Scharf during his lifetime in return for his shares in the family business. The agreement and judgment explicitly gave Ms. Scharf a security interest for her alimony payments upon these shares or their proceeds.

. See supra note 1.