PER CURIAM.
This is an interlocutory appeal by the defendant Ira J. Sands d/b/a Video Film Center Associates from an order which enforces a final judgment entered upon a stipulation of settlement between the parties. We affirm.
The defendant’s central contention on appeal is that the trial court was precluded from enforcing the final judgment based on the stipulated settlement because, prior to the entry of said judgment, the parties reached another alleged accord and satisfaction, not reflected by the stipulated settlement, which settled all claims between the parties. We cannot agree. The defendant has never sought to set aside the stipulated final judgment below based on this new alleged accord and satisfaction and cannot now resist its enforcement on the ground that the judgment should never have been entered in the first instance. Plainly, the trial court was obligated to enforce its final judgment and that is exactly what it did in the order under review. See Scharf v. Smith, 498 So.2d 686, 687 (Fla. 3d DCA 1986); City of Miami Beach v. Cummings, 251 So.2d 715, 716-17 (Fla. 3d DCA 1971), cert. discharged, 263 So.2d 571 (Fla.1972); Superior Uniforms, Inc. v. Brown, 221 So.2d 214, 215 (Fla. 3d DCA 1969).
We have not overlooked the remaining points urged by the defendant, but find that none merit a reversal. See Hannah v. James A. Ryder Corp., 380 So.2d 507, 510 (Fla. 3d DCA 1980); Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628, 629-30 (Fla. 3d DCA 1975), appeal dismissed, 330 So.2d 15 (Fla.1976); § 95.-11(1), Fla.Stat. (1985); see also Gaines v. Nortrust Realty Management, Inc., 422 So.2d 1037, 1039 (Fla. 3d DCA 1982) (court-approved settlement agreements governed and interpreted using contract law principles). The interlocutory order appealed from is therefore, in all respects,
Affirmed.