ON MOTION TO REVIEW STAY ORDER
PER CURIAM.
Appellant, the Department of Agriculture and Consumer Services, seeks review of an order of the circuit court which imposes conditions upon its ability to obtain a stay of a judgment presently under appeal. For the reasons which follow, we affirm that portion of the trial court’s order which requires immediate payment of part of the judgment to appellees, but quash that portion requiring the posting of the remainder of the judgment as an additional supersede-as bond.
The appellees are citrus growers whose nursery stock was destroyed by the Department in 1984 in an effort to prevent the spread of citrus canker. When it appeared that no compensation for their losses would be forthcoming, appellees brought suit for inverse condemnation. In 1986 the circuit court found the Department partially liable, and that order of liability was affirmed on appeal. State of Florida, Department of Agriculture and Consumer Services v. Mid-Florida Growers, Inc., 505 So.2d 592 (Fla. 2d DCA 1987), aff'd, 521 So.2d 101 (Fla.1988), cert. denied (1988), — U.S. -, 109 S.Ct. 180, — L.Ed.2d-. Following this decision a second trial was held *1295 on the amount of damages. The jury awarded the sum of $966,177.95 to Mid-Florida and $977,281.00 to Himrod (as adjusted by the trial court to reflect interest accrued and financial assistance payments previously made). The Department has appealed that final judgment.
In conjunction with its appeal the Department sought a stay pursuant to rule 9.310(b)(2), Florida Rules of Appellate Procedure. Instead the trial court required the Department to make partial payment to appellees immediately ($377,337.28 to Mid-Florida and $170,177.48 to Himrod, plus interest) and to deposit the remainder into the registry of the circuit court to serve as a surety bond.
The Department’s principal authority in support of its argument for a stay of the judgment is City of Lauderdale Lakes v. Corn, 415 So.2d 1270 (Fla.1982). In this case a real estate developer succeeded in having a municipal zoning ordinance declared invalid. The city appealed and the developer sought to require the posting of a supersedeas bond. The supreme court concluded that, “[wjhile we agree that the court may require a bond of a public body under many circumstances, we cannot agree that supersedeas bond is proper for appellate review of legislative planning-level determinations ... To rule otherwise would make cities liable for damages resulting from legislative planning-level decisions.” 415 So.2d at 1272. In so holding, the court made the same distinction between planning-level and operational-level government activities that is made in sovereign immunity cases. See, e.g., Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979).
The present case differs from Com in that liability is no longer an issue. The question of liability was decided adversely to appellants, and became final, prior to the second trial and this appeal. In its first appeal the Department argued that the destruction of appellees’ nursery stock constituted a valid exercise of its police power, with compensation not required except as a matter of legislative grace. However, a valid exercise of the police power does not automatically preclude an inverse condemnation suit because the result nevertheless may constitute a “taking” of property. See, e.g., Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla.), cert. denied sub nom. Taylor v. Graham, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981). In upholding the trial court’s determination that the Department was liable to appellees for damages, this court distinguished between the destruction of property already rendered valueless because of a diseased condition and precautionary actions such as those undertaken in this case. Upon further review by the supreme court that decision was approved. The subsequent trial, and this appeal, were initiated solely to determine the extent of the damages suffered by appellees and the proper method for calculating those damages. In such circumstances no chilling effect upon the right of the government to appeal in good faith — the crux of the decision in Com — necessarily arises just because the government is required to post a bond.
The sums awarded the growers represent the jury’s assessment of the market value of the destroyed trees plus lost profits, subsequently adjusted by the trial court as indicated. The Department denies that the growers are entitled to any damages for lost profits, and argues that the fair market value of the trees was incorrectly determined. Whether this is so is yet to be determined, being the basis of the pending appeal. The Department conceded, however, that the trees had some value as of the taking date, and its estimate of this value roughly corresponds to the sum set forth in the first portion of the trial court’s stay order. Thus, it is not reasonable to expect that any relief ultimately afforded the Department as the result of this appeal would lead to a significant reduction of this amount; appellees would be entitled to approximately this sum under any foreseeable circumstances, and have been since 1984.
Looking to the plain language of rule 9.310(b)(2) itself, we find further support for our conclusion. Even when the government is the party taking an appeal “[o]n *1296 motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay" (emphasis supplied ). We cannot say that the trial court abused its discretion in determining that the Department ought now to reimburse appellees for the amount indisputably owed them, regardless whether it challenges the entire amount awarded by the judgment. On the other hand, we find no compelling justification for requiring the state to relinquish the remainder of the judgment in the manner specified by the trial court’s order.
Motion granted in part, denied in part, and remanded with directions to correct the order under review in accordance with this opinion. To the extent this opinion reiterates our order of July 25,1988, requiring partial compliance with the trial court’s stay order, no motion for rehearing will be entertained.
DANAHY, A.C.J., and THREADGILL and PARKER, JJ., concur.