541 So.2d 1252 (1989)
Doyle CONNER, As Commissioner of Agriculture of the State of Florida, Department of Agriculture and Consumer Services, Appellant,
v.
MID-FLORIDA GROWERS, INC., and Himrod & Himrod Citrus Nursery, a Partnership Composed of Joe Himrod and Joe B. Himrod, Appellees.
No. 89-00081.
District Court of Appeal of Florida, Second District.
March 31, 1989.
*1253 David C.G. Kerr and Susan W. Fox of Macfarlane, Ferguson, Allison & Kelly, Tampa, and Mallory E. Horne and David G. Tucker, of Florida Dept. of Agriculture and Consumer Services, Tallahassee, for appellant.
David K. Miller and M. Stephen Turner of Broad & Cassel, Tallahassee, and Dabney L. Conner of Boswell, Stidham, Conner & Wilson, Bartow, for appellees.
PER CURIAM.
Doyle Conner, as commissioner of the Department of Agriculture and Consumer Services, petitions this court for a writ of *1254 prohibition, or in the alternative a writ of certiorari, to quash a postjudgment order of the circuit court of the Tenth Judicial Circuit. We have determined that while neither prohibition nor certiorari is appropriate under the circumstances of this case, the petition may be treated as an appeal from a final order in mandamus. Art. V, § 2(a), Fla. Const.; Fla.R.App. P. 9.040(c). We further find that the trial court erred in issuing its peremptory writ without following the requirements of rule 1.630, Florida Rules of Civil Procedure, thereby depriving Conner and the department of adequate notice and the opportunity to be heard.
This proceeding arises from the circuit court's attempt at partial enforcement of a judgment entered in favor of appellees Mid-Florida Growers and Himrod and Himrod Citrus Nursery, each of which had sued the department for inverse condemnation. The department appealed the amount of the judgment[1] and, in connection therewith, requested an automatic stay.[2] Fla.R. App. P. 9.310(b)(2). Instead the trial court ordered immediate payment to appellees of part of the judgment and deposit of the remainder into the registry of the court. The first sum represented approximately the amount of damages the department conceded at trial was due the growers. The department sought review of the stay order, but this court concluded that the circuit court had not exceeded its authority in requiring the immediate partial payments notwithstanding the department's decision to appeal the amount of the judgment. Department of Agriculture and Consumer Services v. Mid-Florida Growers, Inc., 532 So.2d 1294 (Fla. 2d DCA 1988).[3]
On December 8, 1988, Mid-Florida and Himrod filed in circuit court a petition for writ of mandamus, naming as respondents both the Department of Agriculture and Commissioner Conner and demanding payment of those sums specified in the stay order. The circuit court conducted a hearing on the petition January 4, 1989, and two days later issued the order, styled "writ of mandamus," which Conner now attacks. That order contains numerous findings of fact in support of the trial court's conclusion that the department has "refused to pay any portion of the amounts due," has "offered no assurances of any intention to seek funding to pay these obligations," has had "continuous opportunities to seek funding to pay these uncontested obligations," and should be compelled to tender immediate payment.[4] The court *1255 specifically found that the department's inaction "is deliberate." Based on these findings the circuit court ordered Conner and the department to relinquish the contested amounts immediately or, if unable to do so, to conduct a thorough review of the entire current budget for the department, pay immediately all amounts which can in good faith be made available, and submit a court-approved payment schedule for the remainder. The court reserved jurisdiction "to enforce this writ by contempt proceedings or otherwise."
Conner's petition for prohibition urges us to find that the circuit court was without jurisdiction to entertain the mandamus action. We reject this argument. Notwithstanding the department's appeal the circuit court retained the power to enforce the underlying judgment to the extent it was not stayed. Mandamus has been recognized as an appropriate remedy in such instances, at least where the obligation to pay is, as here, no longer subject to dispute. See, e.g., City of Ocoee v. State ex rel. Harris, 155 Fla. 514, 20 So.2d 674 (1945); Peacock v. State ex rel. American Mortgage and Finance Corp., 122 Fla. 25, 164 So. 680 (1935). Indeed, in this instance it may be the growers' only remedy as long as the department refuses to pay.
Conner next argues that even if a petition for mandamus were appropriate, that petition should have been brought in the circuit court in and for Leon County.[5] However, the case he cites, Mayo v. Market Fruit Co. of Sanford, Inc., 160 Fla. 273, 34 So.2d 543 (1948), simply does not stand for that proposition. Mayo is a pre-A.P.A. administrative appeal wherein a grower sought certiorari review in Seminole County of an order entered by the Department of Agriculture in Tallahassee. Nothing within the text of that opinion or current law precludes any circuit court in this state from assuming jurisdiction over the department for acts occurring within the court's territorial limits. The taking of appellees' property occurred in Hardee County and was properly adjudicated there. A subsequent enforcement proceeding is properly brought in the same venue. Mall Bank v. State ex rel. Department of Insurance, 462 So.2d 519 (Fla. 1st DCA 1985).
Conner also claims that the writ of mandamus seeks to compel actions which he is constitutionally unable to perform because they fall exclusively within the authority of the Comptroller. However, as appellees correctly point out, a state official may be compelled to issue the necessary vouchers authorizing the Comptroller to pay obligations incurred by the official or his agency. State Road Department v. Bankers Life and Casualty Co., 166 So.2d 234 (Fla. 3d DCA 1964). We have no reason to presume that the Comptroller would dishonor such a request from the commissioner, especially where the latter is acting under court order. Even if appellees and the trial court are otherwise correct about the department's ability to pay the contested sums and its deliberate refusal to try and locate available sources of compensation, no lawful duty on the part of the Comptroller has yet arisen, hence no requirement to subject him to mandamus proceedings. If, after remand, the trial court requires performance by Conner of acts outside the scope of his authority, that matter would be appropriate for further appellate review. See State ex rel. Walker v. Best, 121 Fla. 304, 163 So. 696 (Fla. 1935).
We turn, therefore, to that portion of the petition which seeks a writ of certiorari. Here Conner urges us to find that since mandamus is an original proceeding, the procedures set forth in rule 1.630, Florida Rules of Civil Procedure, should have been followed. While we agree with this *1256 premise, certiorari is not an appropriate method of review because no irreparable injury has occurred that would not be remediable by plenary appeal. Dairyland Insurance Co. v. McKenzie, 251 So.2d 887 (Fla. 1st DCA 1971). In the present case, however, we have determined that the "writ of mandamus" represents an end to judicial labor in this proceeding except for enforcement where necessary, and is therefore a final, appealable order.[6]Warren v. State ex rel. Four Forty, Inc., 76 So.2d 485 (Fla. 1954). We therefore proceed as if appellate review had been sought by filing a notice of appeal. See Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989); Pearce v. Parsons, 414 So.2d 296 (Fla. 2d DCA 1982).
Upon receipt of a facially sufficient petition for writ of mandamus, a court having jurisdiction to consider such a petition should first issue an alternative writ, which is essentially an order to show cause why the requested relief should not be granted. The present rule 1.630, Florida Rules of Civil Procedure, merely codifies preexisting common law on this subject. See City of Bradenton v. State ex rel. Perry, 118 Fla. 838, 160 So. 506 (1935); Goodrich and Cone, Mandamus in Florida, 4 U.Fla.L.R. 535 (1951). The respondent has the right to plead to the alternative writ and will be prejudiced by the failure to allow a reasonable time within which to do so. Atkins v. State ex rel. Shelton, 136 Fla. 596, 187 So. 363 (1939); Southern Realty and Utilities Corp. v. State ex rel. Goldner, 181 So.2d 552 (Fla. 3d DCA 1966).[7]
In the present case, instead of issuing an alternative writ and requiring the department to respond to the growers' petition, the court proceeded directly to hear the merits of the petition and to rule forthwith. Appellees argue that notwithstanding lack of strict compliance with rule 1.630 the procedure employed by the trial court was proper and fair. First, they suggest that "if [Conner] really believed this was an original proceeding, he presumably would have filed written defenses to avoid a default"; he chose not to do so and, as a result, there is no showing that the procedure used was prejudicial to either Conner or the department. The function of the alternative writ, appellees suggest, "is simply to advise the recipient that the court has reviewed the petition and found it to state a preliminary basis for relief," and that "the process served on the commissioner here, although not signed by the judge, fulfilled every purpose of the alternative writ" (the "process" referred to is appellees' notice of hearing). We cannot agree. There is no requirement that the respondent in a mandamus action assume anything in advance of the trial court's preliminary determination that the complaint is facially sufficient. By failing to respond to the petition directly after service, Conner waived no defenses or procedural objections thereto.
Appellees further argue that mandamus as employed in this instance is merely an "ancillary" proceeding which should be governed by rule 1.570(a), Florida Rules of Civil Procedure, rather than by rule 1.630. Rule 1.570(a), which deals with enforcement of judgments, empowers the trial *1257 court to utilize "execution, garnishment, or other appropriate process or proceedings." Appellees suggest that mandamus is one such "proceeding." While that may be so, appellees present no authority to suggest that when mandamus is the chosen method of seeking enforcement of a judgment such proceedings should not be governed by rule 1.630.
In conclusion, we cannot overlook obvious evidence that appellees'  and the trial court's  progress toward a final resolution of this case has been both time-consuming and frustrating. The record before us is not without indications that the department has not done all it might have done to repair an injury for which its liability has long been conclusively established. It may be, as appellees suggest, that the department should have been fully aware that drastic action such as a proceeding in mandamus could be expected, particularly in the wake of the prolonged litigation over the department's right to a stay pending appeal. We hold only that once mandamus was contemplated as a method of enforcing the judgment, the rules of civil procedure require proper notice and an adequate opportunity to respond. Our decision does not deprive the circuit court of any right or power to take whatever action is lawful and appropriate following proceedings in compliance with rule 1.630.
The writ of mandamus is reversed and this case is remanded to the circuit court for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and FRANK and PARKER, JJ., concur.
NOTES
[1] The issue of liability was resolved against the department in a prior action. State of Florida, Department of Agriculture and Consumer Services v. Mid-Florida Growers, Inc., 505 So.2d 592 (Fla. 2d DCA 1987), aff'd, 521 So.2d 101 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988).
[2] At the time the present proceeding was commenced the state's appeal from the final judgment for damages was still pending. Subsequent to the filing of Conner's petition a different panel of this court partially affirmed and partially reversed the award of damages. State of Florida, Department of Agriculture and Consumer Services v. Mid-Florida Growers, Inc., 541 So.2d 1243 (Fla. 2d DCA 1989). Because the sums dealt with in the order now under review are not disturbed by the reversal, the state's victory in the companion case has no effect upon the result we reach.
[3] The opinion explaining the state's limited right to a stay pending appeal was not our first ruling on the question. On July 25, 1988, by unpublished order, we upheld that portion of the lower court's order which required immediate partial payment to the growers. In this same order we deferred any ruling on the second portion of the circuit court's order requiring deposit of the remainder of the judgment into the registry of the court; we subsequently quashed that provision. The department moved for rehearing of the July 25 order. While rehearing was pending, Mid-Florida and Himrod filed a separate petition for writ of mandamus in this court to compel the department to meet its obligations under the judgment. We denied the department's motion for rehearing of the July 25 order and, as a result, considered the mandamus action moot and so stated in another unpublished order dated September 9, 1988. This time it was the growers who sought rehearing, which we granted December 5, 1988, only to the extent our previous denial of mandamus was declared to be without prejudice to the growers to apply to the circuit court for enforcement of its judgment. Mid-Florida Growers, Inc. v. Conner, 535 So.2d 273 (Fla. 2d DCA 1988) (memorandum decision).
[4] Because Conner's petition confines itself to alleged jurisdictional and procedural irregularities, a lengthy recitation of the circuit court's findings is unnecessary. Briefly summarized, the order finds, inter alia, that Conner and the department could have sought funding from the legislature, that "expense" appropriations for the Division of Plant Industry or the Citrus Canker Trust Fund could have been utilized, and that transfers could have been made within current appropriations.
[5] Even if Conner is correct, prohibition is an improper remedy for asserting procedural or venue errors. School Board of Marion County v. Angel, 404 So.2d 359 (Fla. 5th DCA 1981). However, orders determining venue are appealable pursuant to Fla.R.App. P. 9.130(a)(3)(A).
[6] If appellees' position that the order under review is merely ancillary to the underlying civil action is the correct one, and if the order is non-final in character, it would nonetheless be appealable. Fla.R.App. P. 9.130(a)(4).
[7] An exception to these requirements has been recognized when the allegations in the complaint and alternative writ present only questions of law. City of West Palm Beach v. Knuutila, 183 So.2d 881 (Fla. 4th DCA 1966). It is true that in the present case the obligation to pay at least part of the judgment no longer can be honestly debated. However, there remains a dispute whether the department has the present ability to pay. This too should be demonstrated before the peremptory writ may issue. State ex rel. Hillsborough County v. Amos, 100 Fla. 1335, 131 So. 122 (1930); State ex rel. Burr v. Tavares and Gulf Railroad Co., 78 Fla. 329, 82 So. 833 (1919); Silvers v. State ex rel. State Bank of New Smyrna, 68 Fla. 368, 67 So. 143 (1914). Appellees strongly argue that this issue, too, is undisputed, but unlike the obligation to pay that is not so as a matter of law. While some evidence may exist that favors appellees' position, because we hold inadequate the procedure during which that evidence was presented we cannot say this second element was conclusively established.