SCHWARTZ, Senior Judge
(specially concurring in part).
I concur as to the result only in the court’s disposition of the breach of contract issue. I do so without specifically ruling on — because the bank did not make the argument either below or on appeal — the possibility that the legal effect of the employer’s actions in “suspending” de Saad without pay amounted to what would have been an appropriate discharge for cause and should have been treated as such, notwithstanding that it was called something else.[7] See Miami-Dade County v. *51 Valdes, 9 So.3d 17, 18 n. 2 (Fla. 3d DCA 2009) (“Legal consequences are ‘determined not by what [something] is called, but by what it does’ and is.” (quoting Boyd v. Boyd, 478 So.2d 356, 357 (Fla. 3d DCA 1985), review denied, 488 So.2d 67 (Fla. 1986))); Scharf v. Smith, 498 So.2d 686, 686 n. 1 (Fla. 3d DCA 1986); Levitz Furniture Co. of E. Region, Inc. v. Cont’l Equities, Inc., 411 So.2d 221, 224 (Fla. 3d DCA 1982), 419 So.2d 1196 (Fla.1982). See also Walls v. Endel, 20 Fla. 86 (1883); 205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So.3d 974 (Fla. 3d DCA 2009). Because such a discharge would have been fully justified by the contract and the facts of the case, and because the mere unfortunate, but insignificant use of a euphemism has resulted in de Saad’s being paid at her contract rate for years of no work after she could have and should have been (and probably was) fired, it seems to me that we may have upheld a serious wrong.
I agree entirely with the court as to the indemnification issue.

. Quite coincidentally, the following appeared in a recent article about an erring teacher: "Without discussion, board members suspended [her] without pay Tuesday — an effective termination....” Patricia Mazzei, Teach *51 er Accused of Pushing Boy is Fired, Miami Herald, August 19, 2009, at 4B (emphasis added).